PUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

NEWPORT NEWS SHIPBUILDING AND
DRY DOCK COMPANY,
                        *Petitioner,*

            v.

BEVERLY ANITA BROWN; DIRECTOR,
OFFICE OF WORKERS' COMPENSATION
PROGRAMS, UNITED STATES
DEPARTMENT OF LABOR,
                        *Respondents.*

No. 03-1480

On Petition for Review of an Order of
the Benefits Review Board.
(02-593)

Argued: May 6, 2004

Decided: July 19, 2004

Before NIEMEYER, MICHAEL, and GREGORY, Circuit Judges.

---

Petition for fees granted by published opinion. Judge Michael wrote
the opinion, in which Judge Niemeyer and Judge Gregory joined.

---

**COUNSEL**

**ARGUED:** Christopher Roland Hedrick, MASON, MASON,
WALKER & HEDRICK, P.C., Newport News, Virginia, for Peti-
tioner. Gregory Edward Camden, MONTAGNA, BREIT, KLEIN &
CAMDEN, L.L.P., Norfolk, Virginia, for Respondent Brown; Joshua

Thomas Gillelan, II, Office of the Solicitor, UNITED STATES DEPARTMENT OF LABOR, Washington, D.C., for Director, Office of Workers' Compensation Programs. **ON BRIEF:** Howard M. Radzely, Solicitor of Labor, Donald S. Shire, Associate Solicitor, Mark A. Reinhalter, Counsel for Longshore, Washington, D.C., for Director, Office of Workers' Compensation Programs.

---

## OPINION

MICHAEL, Circuit Judge:

We have before us an employee's petition for attorney's fees under § 28 of the Longshore and Harbor Workers Compensation Act (LHWCA), 33 U.S.C. § 928. Section 28 allows reasonable attorney's fees to an employee who successfully prosecutes a claim for compensation. The main question today is whether an award to an employee under § 14(f) for her employer's late payment of compensation is also compensation. If it is, the fee provision is triggered. We hold that an award for late payment under § 14(f) is compensation, and we grant the employee's petition for attorney's fees incurred in defending the § 14(f) award in this court.

I.

Beverly A. Brown and her employer, Newport News Shipbuilding and Dry Dock Company (Newport News), settled her workers' compensation claim for a lump sum of $17,500, and the district director entered an order approving the compensation award on December 18, 2000. *See* 33 U.S.C. § 908(i). Newport News paid Brown her award eighteen days later, on January 5, 2001. Thereafter, Brown asserted an additional claim under § 14(f), which requires an employer to pay "an amount equal to 20 per centum" of any compensation "payable under the terms of an award [that] is not paid within ten days after it becomes due." *Id.* § 914(f). Newport News opposed Brown's additional claim, arguing that it had made a good faith attempt to deliver the compensation check to Brown in a timely manner, but she had intentionally evaded delivery. The District Director of the U.S. Department of Labor's Office of Workers' Compensation Programs

initially denied the claim for late payment. Brown then requested a hearing before an administrative law judge, and the ALJ, after over-seeing discovery, remanded the case to the district director. After reviewing the evidence gathered during discovery, the district director determined that Newport News had not paid the settlement within ten days as required by § 14(f); Brown was therefore awarded an addi-tional $3500. Newport News appealed the district director's order to the Benefits Review Board (the Board), which dismissed the appeal on March 21, 2003. The company then petitioned this court for review of the Board's March 21, 2003, dismissal order. On June 19, 2003, before briefs were filed, we granted Newport News's unop-posed motion to withdraw its petition for review. The company then paid Brown the § 14(f) award on June 23, 2003.

On July 7, 2003, Brown filed a petition to recover $2068.80 in attorney's fees for work performed by her counsel in opposing the petition for review filed in this court by Newport News to set aside the $3500 late payment award. Newport News objected to the fee petition, arguing that the LHWCA's fee-shifting provisions, *see id.* § 928, cannot be used to recover legal fees incurred in obtaining a § 14(f) late payment award. Newport News also objected to the size of the requested fee. The parties filed supplemental briefs on the fee issue, and we then heard oral argument.

II.

Brown argues that because her award for late payment under § 14(f) is compensation under the relevant provisions of the LHWCA, she is entitled to attorney's fees for obtaining the award. Newport News disagrees, arguing that the § 14(f) payment is a penalty, which prevents Brown from shifting her fees to the company. We start with the language of the Act. If it is plain, we apply it "according to its terms." *United States v. Ron Pair Enter., Inc.*, 489 U.S. 235, 241 (1989). To determine whether the language is plain, we consider "the language itself, the specific context in which that language is used, and the broader context of the statute as a whole." *Robinson v. Shell Oil Co.*, 519 U.S. 337, 341 (1997) (quotation marks and citations omitted). If the language is ambiguous, "in that it lends itself to more than one reasonable interpretation, our obligation is 'to find that inter-pretation which can most fairly be said to be imbedded in the statute,

in the sense of being most harmonious with its scheme and the general purposes that Congress manifested.'" *United States v. Wilson*, 367 F.3d 245, 248 (4th Cir. 2004) (quoting *Comm'r v. Engle*, 464 U.S. 206, 217 (1984)).

According to § 28 of the LHWCA, if an employer "declines to pay any compensation . . . after receiving written notice of a claim," and the employee uses an attorney "in the successful prosecution of [her] claim, there shall be awarded . . . a reasonable attorney's fee." 33 U.S.C. § 928(a). Section 28 thus authorizes attorney's fees only after the successful prosecution of a claim for *compensation*. Brown had a claim for an additional award under § 14(f) when she did not receive payment of her basic award (the settlement) within ten days after it became due. She used a lawyer in the successful prosecution of her § 14(f) claim for the late payment award. This brings us to the question presented today: is a § 14(f) late payment award compensation under the LHWCA.

Section 14(f) says:

> If any compensation, payable under the terms of an award, is not paid within ten days after it becomes due, there shall be added to such unpaid compensation an amount equal to 20 per centum thereof, which shall be paid at the same time as, but in addition to, such compensation.

33 U.S.C. § 914(f). The twenty percent addition fits within the LHWCA's definition of compensation, which is "the money allowance payable to an employee or [her] dependents as provided for in this [Act]." *Id.* § 902(12). Specifically, the amount due for late payment satisfies the definition because it is a "money allowance payable" to the employee who is due the basic compensation award.

In arguing that the amount payable under § 14(f) is not compensation, Newport News ignores the definition of compensation and focuses on just the section itself (and only a few words at that). A § 14(f) award is not compensation, the company says, because it is a payment "in addition to[ ] such compensation." This argument leaves out § 14(f)'s triggering language which says that if compensation due "under . . . an award" is not paid within ten days, "there shall be added

to *such unpaid compensation* an amount equal to 20 per centum thereof, which shall be paid . . . in addition to[ ] *such compensation*." *Id.* § 914(f). A look at all of the relevant language in § 14(f) reveals that the term "such compensation" simply refers to "*unpaid* compensation," which in turn refers to the amount due under the original award. Thus, the term "such compensation" at the end of § 14(f) does not distinguish the amount payable under that section from compensation.

After ignoring the Act's broad definition of compensation and focusing on only the last few words in § 14(f), Newport News argues that the assessment for late payment is a penalty, not compensation. This argument overlooks the nine different LHWCA provisions (§ 14(f) is not among them) that expressly characterize their assessments as penalties or fines. *See Ingalls Shipbuilding, Inc. v. Dalton*, 119 F.3d 972, 977 (Fed. Cir. 1997) (listing the nine provisions, which include, for example, the monetary penalty for failing to send an injury report to the Secretary of Labor, *see* 33 U.S.C. § 930(e)). Moreover, § 44(c)(3) says that "all amounts collected as fines and penalties under the [LHWCA] shall be paid into" a special LHWCA fund. *Id.* § 944(c)(3). Section 14(f), on the other hand, does not contain the word fine or penalty, and it directs payment to the injured employee. This leads us to agree with the Federal Circuit's conclusion: "[i]f Congress had intended that [late payment awards] under [§ 14] be treated as fines or penalties, it would surely have done so by referring to them as such or would have directed these payments to the special fund." *Ingalls Shipbuilding*, 119 F.3d at 977-78. *But see Burgo v. General Dynamics Corp.*, 122 F.3d 140, 145 (2d Cir. 1997) (holding that payments under § 914(f) are "properly characterized as penalties" but failing to take into account either the Act's definition of compensation or its separate treatment of compensation and penalties). In sum, Congress created a simple system for categorizing payments made by employers under the LHWCA: payments going directly to an employee are compensation, *see* 33 U.S.C. § 902(12), while payments going to the LHWCA special fund are penalties or fines, *see id.* § 944(c)(3).

When the LHWCA's broad definition of compensation is read with the language of § 14(f), and the Act's structural differentiation between compensation and penalties is taken into account, it is rea-

sonably clear that a § 14(f) late payment award to an employee is compensation. If, however, we assume for the sake of argument that the Act is ambiguous on this point, and we investigate further, we still conclude that a § 14(f) payment is compensation. Section 914(f) awards should be designated as compensation because this interpretation is "most harmonious" with the LHWCA's scheme and purpose. *See Engle*, 464 U.S. at 217. A conclusion that § 14 awards are not compensation, which would foreclose attorney's fees for their collection, would be inconsistent with the purpose and objectives of the LHWCA. Specifically, it would detract from the objective of promoting the prompt payment of compensation, and it could discourage employees from seeking the full extent of their statutory benefits.

The LHWCA is a no-fault workers compensation scheme that provides "employees with the benefit of a more certain recovery for work-related harms" while providing "employers with definite and lower limits on potential liability than would have been applicable in common-law tort actions for damages." *Potomac Elec. Power Co. v. Director, O.W.C.P.*, 449 U.S. 268, 281 (1980). The LHWCA is thus designed to accommodate "employees' interest in receiving a prompt and certain recovery for their industrial injuries as well as . . . the employers' interest in having their contingent liabilities identified as precisely and as early as possible." *Id.* at 282. Within this framework, § 14(f) serves two distinct purposes. First, it "encourage[s] employers to provide prompt payment of compensation to injured workers." *Garvey Grain Co. v. Director, O.W.C.P.*, 639 F.2d 366, 372 (7th Cir. 1981). Second, when an employer violates the Act's provisions requiring prompt payment, § 14(f) serves to "compensate claimants for their inconvenience and expense during the time when they did not receive timely compensation." *Ingalls Shipbuilding*, 119 F.3d at 978. *See also Watkins v. Newport News Shipbuilding & Dry Dock Co.*, 8 B.R.B.S. 556, 560 (1978) (section 14 payments "do not exist merely to give employers a financial incentive to pay compensation voluntarily and promptly. They are, in fact, additional amounts paid to the claimant to compensate for the inconvenience and expenses of supporting herself during the time when her earning capacity was reduced or destroyed and compensation was not being paid."), *vacated and remanded on other grounds sub nom.*, *Newport News Shipbuilding & Dry Dock Co. v. Director, O.W.C.P.*, 594 F.2d 986 (4th Cir. 1979). Section 14(f)'s award for late payment is thus an inte-

gral part of the compensation package that the LHWCA provides for injured employees. As a result, if a claimant is forced to pay legal fees out of her own pocket to obtain a § 14(f) award, her compensation is diminished. Section 28's fee-shifting provisions are designed to avoid that outcome. As the Fifth Circuit has said, § 28 "ensures that an employee will not have to reach into the statutory benefits to pay for legal services, thus diminishing the ultimate recovery." *Oilfield Safety and Mach. Specialties, Inc. v. Harman Unlimited, Inc.*, 625 F.2d 1248, 1257 (5th Cir. 1980). Denying attorney's fees to an employee for obtaining a § 14(f) award would conflict with the Act's basic purpose of compensating the employee for work-related injury in a timely manner.

Also, denying attorney's fees for collecting a § 14(f) award would no doubt discourage many claimants from ever seeking the benefit — full and timely compensation for injury — that § 14(f) was designed to provide. In many cases the additional twenty percent entitlement for late payment will be relatively small (it was $3500 here). If the employee has to pay her own legal fees to obtain the additional amount, she might well forgo the effort, for fees would soon eat up the award. Furthermore, without fee-shifting, an employer with cash flow problems or with a tendency to skirt the rules, would have less incentive to pay basic compensation awards on time.

Finally, we note that "the title of a statute and the head of a section are tools available for the resolution of a doubt about the meaning of a statute." *Almendarez-Torres v. United States*, 523 U.S. 224, 234 (1998) (quotation marks and citations omitted). The title of the *entire* § 14, which was inserted by Congress when the LHWCA was first enacted in 1927, is "Payment of Compensation." *See* 44 Stat. 1432 (1927). The wording of the title indicates that payments to an employee as required by the section are compensation. *See Ingalls Shipbuilding*, 119 F.3d at 977 ("the title gives us the first clue that [late payment awards] under [§ 14] are compensation, not penalties"). This interpretation is supported by the passage and later repeal of one subsection of § 14. Until 1972 § 14 included subsection (m), which placed a cap on the total amount of compensation an employee could receive in a case of temporary total disability. Subsection (m), as amended in 1956, *see* 70 Stat. 655 (1956), said that "in applying the limitation there shall not be taken into account . . . any amount of

*additional compensation required to be paid under this section for delay or default in the payment of compensation.*" 33 U.S.C. § 914, historical and statutory notes (emphasis added). This language illustrates that as early as 1956 Congress meant § 14(f) payments to be additional compensation. And there is no reason to believe that Congress intended to change the compensatory nature of § 14(f) payments when it repealed subsection (m). Rather, as the legislative history makes clear, subsection (m) was repealed only "to avoid any injustice to injured workers who would reach [the] maximum payment but still be suffering from disability." H.R. Rep. No. 92-1441 (1972), *reprinted in* 1972 U.S.C.C.A.N. 4698, 4706.

In summary, when the language of § 14(f) is read together with the LHWCA's definition of compensation, and the Act's structural distinction between compensation and penalties is taken into account, it is plain that an award for late payment under § 14(f) is compensation. Even if we assume that § 14(f) is ambiguous as to whether its allowance is compensation or a penalty, the objectives and history of the Act reveal that Congress intended for § 14(f) payments to be compensation. Accordingly, we hold that a § 14(f) award is a form of compensation under the LHWCA and that an employee who successfully prosecutes a § 14(f) claim for late payment is entitled to attorney's fees under § 28.

### III.

Our holding in part II means that Brown is entitled to recover her reasonable attorney's fees for defending against Newport News's petition in this court to set aside her § 14(f) award. Newport News argues that the $2,068.80 fee requested is unreasonable, largely because the attorney's hourly rate of $225.00 is excessive. Brown's attorney asserts that this hourly rate is reasonable for the Port of Hampton Roads area, and he cites several recent orders in which administrative law judges and the Board have allowed him an hourly rate of $225.00 in LHWCA cases. *See Hinton v. Newport News Shipbuilding & Dry Dock Co.*, BRB No. 02-576 (July 18, 2003); *Brown v. Newport News Shipbuilding & Dry Dock Co.*, BRB No. 02-593 (May 30, 2003); *Alexander v. Newport News Shipbuilding & Dry Dock Co.*, Case No. 2002-LHC-1470 (ALJ, Dep't of Labor, June 25, 2003); *Jackson v. Newport News Shipbuilding & Dry Dock Co.*, Case

No. 2002-LHC-02963 (ALJ, Dep't of Labor, June 5, 2003). Evidence of fee awards in comparable cases is generally sufficient to establish the "prevailing market rates" in "the relevant community." *See Spell v. McDaniel*, 824 F.2d 1380, 1402 (4th Cir. 1987) ("prevailing market rate may be established through . . . information concerning recent fee awards . . . in comparable cases"). Newport News has not offered any counter evidence to show that the hourly rate charged by Brown's attorney is unreasonable within the relevant community. We therefore grant the petition for fees in the amount requested.

## IV.

We hold that an award under § 14(f) of the LHWCA is compensation and that an employee is entitled under § 28 to reasonable attorney's fees incurred in obtaining and defending such an award. Beverly A. Brown is therefore entitled to attorney's fees for opposing the company's petition for review, and we grant her fee request in the amount of $2,068.80.

*PETITION FOR FEES GRANTED*