**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

QUENTIN H. TAHARA,
            *Plaintiff-Appellant,*

v.

MATSON TERMINALS, INC.,
            *Defendant-Appellee.*

No. 05-17306

D.C. No.
CV-04-00224-HG/
LEK

OPINION

Appeal from the United States District Court
for the District of Hawaii
Helen Gillmor, District Judge, Presiding

Submitted November 5, 2007*
Honolulu, Hawaii

Filed December 27, 2007

Before: Diarmuid F. O'Scannlain, A. Wallace Tashima, and
Milan D. Smith, Jr., Circuit Judges.

Opinion by Judge Milan D. Smith, Jr.

---

*The panel unanimously finds this case suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

## COUNSEL

Joshua T. Gillelan II, Longshore Claimants' National Law Center, Washington, DC, for the plaintiff-appellant.

Michael J. Nakano, Frame Formby & O'Kane, Honolulu, Hawaii, for the defendant-appellee.

## OPINION

MILAN D. SMITH, JR., Circuit Judge:

Plaintiff-appellant Quentin Tahara appeals the amount of attorney's fees awarded to him by the district court under the

Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. §§ 901-50. In the district court, Tahara requested $31,500 in fees for work his attorney allegedly performed to secure a late payment award under § 914(f) of the LHWCA from Tahara's former employer, Defendant-appellee Matson Terminals, Inc. The district court awarded Tahara only $6,060 in attorney's fees. We affirm because the district court properly excluded fees not available under § 928(c) of the LHWCA and appropriately exercised its discretion in excluding duplicative fees.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2003, an administrative law judge awarded Tahara $104,163.81 under the LHWCA to compensate him for an injury he suffered in Matson Terminals's employee parking lot. A compensation order to that effect was filed and served on Matson Terminals on September 19, 2003. Under § 914(f) of the LHWCA, Matson Terminals had ten days to pay Tahara. On September 25, 2003, Matson Terminals's claims administrator, John Mullen & Co., delivered the compensation check to Tahara's attorney. Tahara's attorney returned the check to Matson Terminals's offices by mail, stating that he was not authorized to accept it and that it should be sent directly to Tahara. On October 6, 2003, seventeen days after the filing and service of the compensation order, Tahara received his compensation check.

At Tahara's request, the District Director of the Office of Workers' Compensation Programs, U.S. Department of Labor issued a supplementary order declaring that, under § 914(f) of the LHWCA, Tahara was entitled to a late payment award equaling 20% of the initial compensation award because Matson Terminals's payment was not timely. In March 2004, Tahara filed a complaint in district court under 33 U.S.C. § 918(a) to enforce this supplementary order. Tahara subsequently dismissed his district court complaint after learning that the President of John Mullen & Co. had filed a complaint

against Tahara's attorney before the State of Hawaii Office of Disciplinary Counsel ("ODC"). The ODC complaint alleged ethical violations by Tahara's attorney relating to his attempt to obtain additional payment for Tahara under § 914(f).

A month later, Tahara filed a second complaint in district court to enforce the supplementary order. The district court granted Tahara judgment on the pleadings. The court concluded that the supplementary order was in accordance with the law because a § 914(f) late payment award is mandatory if the employer's payment of a compensation award is untimely, regardless of equitable considerations.

Tahara petitioned the district court to obtain fees for work his attorney performed to secure the late payment award. Tahara requested $31,500 in attorney's fees for 126 hours of work. Over $20,000 of the requested fees were allegedly incurred while Tahara's attorney defended himself before the ODC. The court referred the petition to a magistrate judge who recommended a fee award of $6,060. The district court adopted the magistrate judge's recommendation and this appeal followed.

## JURISDICTION AND STANDARD OF REVIEW

We review a district court's award of attorney's fees for abuse of discretion. *Fischel v. Equitable Life Assurance Soc'y*, 307 F.3d 997, 1005 (9th Cir. 2002) (citing *Fischer v. SJB-P.D., Inc.*, 214 F.3d 1115, 1118 (9th Cir. 2000)). Any elements of legal analysis that figure into the fee determination are subject to de novo review, and we review underlying factual determinations for clear error. *Id.* (citing *Fischer*, 214 F.3d at 1118). We have jurisdiction under 28 U.S.C. § 1291.

## DISCUSSION

### A. The Availability Of Attorney's Fees For Work Performed To Secure A Late Payment Award Under § 914(f) Of The LHWCA.

Under § 914(f) of the LHWCA, "[i]f any compensation, payable under the terms of an award, is not paid within ten days after it becomes due, there shall be added to such unpaid compensation an amount equal to 20 per centum thereof . . . ." 33 U.S.C. § 914(f). This circuit has yet to consider whether the LHWCA authorizes attorney's fees for work an attorney performs to secure a late payment award under § 914(f). We hold that it does.

**[1]** Section 928(a) of the LHWCA authorizes reasonable attorney's fees when an employer disputes liability for compensation and "declines to pay any *compensation* on or before the thirtieth day after receiving written notice of a claim for *compensation* having been filed from the deputy commissioner . . . [and the claimant] thereafter . . . utilized the services of an attorney at law in the successful prosecution of his claim." 33 U.S.C. § 928(a) (emphasis added). Thus, if a late payment award under § 914(f) is "compensation," fees are available for an attorney's work to secure such an award. In *Newport News Shipbuilding and Dry Dock Company v. Brown*, 376 F.3d 245, 251 (4th Cir. 2004), the Fourth Circuit concluded that late payment awards under § 914(f) are compensation. *See also Ingalls Shipbuilding, Inc. v. Dalton*, 119 F.3d 972, 977 (Fed. Cir. 1997) (holding that late payment awards under § 914(e) of the LHWCA are compensation). We find the Fourth Circuit's reasoning persuasive.

" 'The starting point for our interpretation of a statute is always its language.' " *United States v. Fei Ye*, 436 F.3d 1117, 1120 (9th Cir. 2006) (quoting *Cmty. for Creative Non-Violence v. Reid*, 490 U.S. 730, 739 (1989)). If the plain language of a statute is ambiguous or its language "does not

resolve an interpretive issue," we may look to the statute's legislative history. *SEC v. McCarthy*, 322 F.3d 650, 655 (9th Cir. 2003) (citation omitted).

**[2]** In this case, the LHWCA's plain language supports that a § 914(f) late payment award is compensation. The LHWCA defines compensation as "money allowance payable to an employee . . . as provided for in [the LHWCA]." 33 U.S.C. § 902(12). A § 914(f) award falls squarely within this definition: it is "a money allowance payable to an employee" who was due a basic compensation award under the LHWCA. *See Newport News Shipbuilding & Dry Dock*, 376 F.3d at 248.

The LHWCA's plain language does not require that this court characterize an award under § 914(f) as a penalty or fine rather than compensation. The LHWCA expressly characterizes at least nine types of payments it authorizes as "penalties" or "fines." *Id.* at 249; *Ingalls Shipbuilding*, 119 F.3d at 977 (listing the LHWCA provisions that expressly provide for "penalities" or "fines"). But the statute never refers to a § 914(f) award as a penalty or fine. Moreover, § 944(c)(3) of the LHWCA specifies that penalties and fines are to be paid into a "special fund," while employers make § 914(f) payments directly to claimants. *Newport News Shipbuilding & Dry Dock*, 376 F.3d at 249.

While both the Ninth Circuit and the Supreme Court have occasionally referred to payments under § 914(f) as "penalties," the cases where they have done so are not controlling as none of them dealt with whether attorney's fees are available when a claimant attempts to secure payment under § 914(f). *See, e.g.*, *Pallas Shipping Agency, Ltd. v. Duris*, 461 U.S. 529, 533 (1983); *Hanson v. Marine Terminals Corp.*, 307 F.3d 1139, 1141 (9th Cir. 2002); *Providence Wash. Ins., Co. v. Dir., Office of Workers' Comp. Programs*, 765 F.2d 1381, 1385 (9th Cir. 1985). In these cases, the courts' use of the term "penalty" can best be understood as "a convenient way of distinguishing the [§ 914(f)] payment from the under-

lying award." *See Ingalls Shipbuilding*, 119 F.3d at 978-79. *Providence Washington Insurance* illustrates that the Ninth Circuit's prior use of the word "penalty" in conjunction with § 914(f) is not significant. In that case, the court stated that § 914(f) is "in essence a penalty provision," but also stated that § 914(f) requires the payment of "additional *compensation*." 765 F.2d at 1385 (emphasis added).

**[3]** Though we conclude that the plain language of LHWCA supports our determination that § 914(f) awards are compensation, we note that numerous other considerations support this determination as well. The compensation scheme set forth in the LHWCA recognizes both "the employees' interest in receiving a prompt and certain recovery for their industrial injuries," as well as "the employers' interest in having their contingent liabilities identified as precisely and as early as possible." *Potomac Elec. Power Co. v. Dir., Office of Workers' Comp. Programs*, 449 U.S. 268, 282 (1980). If attorney's fees were not available in connection with § 914(f), employees would be discouraged from seeking late payment awards, which would undermine the LHWCA's purpose of ensuring prompt payment to employees. *See Newport News Shipbuilding & Dry Dock Co.*, 376 F.3d at 250.

**[4]** Finally, the legislative history of the LHWCA suggests that Congress intended awards under § 914 to be compensation. *Id.* at 250-51. Since the LHWCA's enactment in 1927, the title of what is now § 914 has remained "payment of compensation." *See* 44 Stat. 1432 (1927). Moreover, until its repeal in 1972 for unrelated reasons, § 914(m), which capped the total amount of compensation an employee could receive in certain circumstances, specified that "in applying [the] limitation there shall not be taken into account . . . any amount of *additional compensation required to be paid under* [§ 914] *for delay or default in the payment of compensation*." 70 Stat. 655 (1956). This language confirms that Congress considered awards for "delay or default" to be "additional compensation."

**[5]** Although the Second Circuit has concluded otherwise, *see Burgo v. Gen. Dynamics Corp.*, 122 F.3d 140 (2d Cir. 1997), we find its reasoning unpersuasive. In *Burgo*, the Second Circuit found it to be "common sense that payments under [§ 914(f)] are . . . penalties" because the statutory language differentiates between the § 914(f) payment and compensation. *Id.* at 145-46. The court pointed to § 914(f)'s directive that "there shall be added to such unpaid compensation an amount equal to 20 per centum thereof, which shall be paid . . . in addition to [ ] such compensation." *Id.* In our view, this language does not differentiate between a § 914(f) award and compensation as the Second Circuit suggests. While it is true that the term "such compensation" refers to "unpaid compensation," which is the amount due under the original compensation award, the statute's language does not preclude a determination that an award payable under § 914(f) is also compensation. *See* 33 U.S.C. § 914(f). We therefore hold that § 928(a) of the LHWCA authorizes fees for work an attorney performs to secure a late payment award under § 914(f).

## B. The District Court Properly Excluded Fees Unavailable Under Section 928(c).

Tahara challenges the district court's decision to exclude from its fee calculation the hours that Tahara's attorney spent defending himself before the ODC. Though the parties have not discussed § 928(c), we "may affirm the district court for any reason supported by the record," *United States v. Ortega-Ascanio*, 376 F.3d 879, 885 (9th Cir. 2004) (citation omitted), and we conclude that the district court properly excluded these hours under § 928(c).

**[6]** Section 928(c) of the LHWCA sets forth the manner by which the district court is to approve the fee awards authorized elsewhere in § 928. It states that "[i]f any proceedings are had before the Board or any court for review of any action, award, order or decision, *the Board or court may approve an attorney's fee for the work done before it* by the

attorney for the claimant." 33 U.S.C. § 928(c) (emphasis added). Thus, by its plain language, § 928(c) precludes fees for work not done "before" the court awarding fees. This court confirmed this rule in *Stevedoring Services of America v. Price*, 432 F.3d 1112, 1113-14 (9th Cir. 2006). In that case, we declined to award attorney's fees under § 928(a) to a LHWCA claimant for the time his attorney spent "success-fully opposing his employer's" petition for certiorari before the Supreme Court. *Id.* at 1113-14. Even though the Supreme Court had issued an order denying the claimant's fee applica-tion "without prejudice to filing in the . . . Ninth Circuit," we concluded that because the attorney's work "was necessarily not done 'before' *this* court," we lacked jurisdiction to award such fees under § 928(c). *Id.* (emphasis added).

**[7]** Similarly, Tahara requests fees for the hours his attor-ney spent preparing his defense of the ODC proceeding—a proceeding separate from the district court action to enforce the supplementary order. Thus, regardless of the impact, if any, of the ODC proceeding on the district court proceedings, § 928(c) does not permit fees for any of these hours because work to prepare for the ODC proceeding was not done "be-fore" the district court.

## C.   The District Court Acted Within Its Discretion In Excluding Attorney's Fees For Duplicative Work

Tahara also challenges the district court's decision to exclude from its fee calculation some of the hours that his attorney spent drafting the initial district court complaint that Tahara voluntarily dismissed, and the time his attorney spent memorializing phone conversations with opposing counsel. We conclude that the district court acted within its discretion in excluding these hours.

**[8]** To determine reasonable attorney's fees, the district court adopted the magistrate judge's analysis, which employed the "lodestar method." Use of the "lodestar meth-

od" to calculate attorney's fees under a federal fee-shifting statute is proper. *See Staton v. Boeing Co.*, 327 F.3d 938, 965 (9th Cir. 2003) (citing *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001)). The lodestar method requires the court to multiply the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 432 (1983); *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000). Tahara challenges only the district court's calculation of the hours reasonably expended.

**[9]** In calculating the number of hours reasonably expended, a district court is to exclude hours that are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434; *Van Gerwen*, 214 F.3d at 1045 (citation omitted). This court grants "considerable deference" to a district court's determination as to what hours are "excessive, redundant, or otherwise unnecessary." *Van Gerwen*, 214 F.3d at 1047. "The district court need only provide a 'concise but clear explanation of its reasons' for reducing the numbers of hours included in the fee award." *Id.* (quoting *Hensley*, 461 U.S. at 437).

**[10]** In this case, the district court excluded some of the time that Tahara's attorney spent drafting the initial district court complaint and the time he spent memorializing phone conversations with opposing counsel. The district court explained that it found these hours "duplicative." Given the district court's " 'superior understanding' " of the underlying litigation, it is in the best position to make this determination. *Id.* (quoting *Hensley*, 461 U.S. at 437). We find the court's explanation that these hours were "duplicative" sufficiently concise and clear to conclude that the district court did not abuse its discretion.

## CONCLUSION

For the reasons explained above, we **AFFIRM** the district court's award of attorney's fees.