FILED

NOT FOR PUBLICATION

JAN 15 2013

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| STEVEN JACKSON, to the use of ERIC A. DUPREE,<br><br>       Petitioner,<br><br>  v.<br><br>DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR and LABOR READY, INC.,<br><br>       Respondents, | No. 11-71193<br><br>Agency No. 18-75727<br><br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Benefits Review Board

Submitted January 10, 2013[**]
Pasadena, California

Before: McKEOWN and M. SMITH, Circuit Judges, and BELL,[***] District Judge.

_____

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

[**]The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]The Honorable Robert Holmes Bell, United States District Judge for the Western District of Michigan, sitting by designation.

Petitioner Steven Jackson petitions for review of the final order of the Benefits Review Board, affirming the Office of Workers' Compensation Programs' District Director's order reducing the hours and fees in an attorney's fee petition and granting Jackson's attorneys, Eric Dupree and Paul Myers, an attorney fee award of $16,736.50.[1] We have jurisdiction pursuant to 33 U.S.C. § 921(c). For the following reasons, we deny the petition for review.

We review an award of attorney's fees for abuse of discretion. *Tahara v. Matson Terminals, Inc.*, 511 F.3d 950, 952 (9th Cir. 2007). "Any elements of legal analysis that figure into the fee determination are subject to de novo review, and we review underlying factual determinations for clear error." *Id.* Jackson was successful on a federal workers' compensation claim against Respondent True Blue, Inc.,[2] and thus he is entitled to a "reasonable attorney's fee" pursuant to § 28 of the Longshore and Harbor Worker's Compensation Act, 33 U.S.C. § 928. "Use of the 'lodestar method' to calculate attorney's fees under a federal fee-shifting statute is proper." *Tahara*, 511 F.3d at 955 (citing *Staton v. Boeing Co.*, 327 F.3d 938, 965 (9th Cir. 2003)). "The lodestar method requires the court to multiply the number of hours reasonably expended on the litigation by a reasonable hourly rate.

---

[1]This figure does not include the $846 the Board added to the award. Nor does it include the $12,609 awarded to co-counsel Joshua Gillelan. Neither of those amounts are in dispute.

[2]True Blue, Inc. was formerly known as Labor Ready, Inc.

2

. . . In calculating the number of hours reasonably expended, a district court is to exclude hours that are 'excessive, redundant, or otherwise unnecessary.'" *Id.* (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

The attorneys' fees in dispute relate to time spent by Dupree and Myers solely in the fee proceeding. The District Director disallowed 60.6 of the 80.4 hours spent on two reply briefs because these hours were "excessive/unnecessary billing" and were "duplicative in nature or excessive for the scope of this case."

"The district court need only provide a 'concise but clear explanation of its reasons' for reducing the numbers of hours included in the fee award." *Tahara*, 511 F.3d at 956 (quoting *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000)). We conclude that the District Director's explanation fully complied with this requirement.

Additionally, we conclude both that the District Director did not abuse his discretion in reducing the hours claimed and that the amount of the fee award was sufficient. "[T]he district court has discretion in determining the amount of a fee award. This is appropriate in view of the district court's superior understanding of the litigation . . . ." *Hensley*, 461 U.S. at 437. The claimed hours occurred after Jackson's success on the merits, and without the District Director's reduction, the claimed hours would have resulted in an attorneys' fee award disproportionate to Jackson's award.

3

Finally, we conclude that the Board applied the correct standard in affirming the District Director's reduction of the hours.

**PETITION DENIED.**