**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

RICK O. CARTER,
            *Petitioner-Appellant*,

v.

CALEB BRETT LLC; LIBERTY
MUTUAL INSURANCE COMPANY,
            *Respondents-Appellees*.

No. 12-16846

D.C. No.
3:11-cv-01472-
RS

AMENDED
OPINION

Appeal from the United States District Court
for the Northern District of California
Richard Seeborg, District Judge, Presiding

Submitted January 15, 2014[*]
San Francisco, California

Filed February 3, 2014
Amended March 10, 2014

Before: Arthur L. Alarcón, Richard C. Tallman,
and Sandra S. Ikuta, Circuit Judges.

Opinion by Judge Alarcón

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

## SUMMARY[**]

### Attorneys' Fees

The panel vacated the district court's order awarding attorneys' fees and costs, and remanded for the district court to articulate the basis for its fee determination with greater specificity.

The panel held that the district court erred as a matter of law by reducing the fee award without sufficiently explaining its rationale for the reduction.

### COUNSEL

Eric Aaron Dupree, Dupree Law APLC, Coronado, California; Joshua Thomas Gillelan, II, Longshore Claimants' National Law Center, Washington D.C., for Petitioner–Appellant.

John R. Walker, Kelley Kronenberg, Houston, Texas, for Respondents–Appellees.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**OPINION**

ALARCÓN, Senior Circuit Judge:

Rick Carter appeals from the district court's order awarding him $14,268.50 in attorneys' fees and costs on his fee petition in the amount of $22,585. We have jurisdiction under 28 U.S.C. § 1291. Carter contends that the district court erred as a matter of law by reducing the fee award without sufficiently explaining its rationale for the reduction. We agree. Accordingly, we vacate and remand this matter to the district court with instruction to articulate the basis for its fee determination with greater specificity.

**I**

"[T]he district court has discretion in determining the amount of a fee award." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). But "[i]t remains important . . . for the district court to provide a concise but clear explanation of its reasons for the fee award." *Id.* at 437, 438–39 (holding that the court was "unable to affirm the [fee award] . . . because the District Court's opinion did not properly consider the relationship between the extent of success and the amount of the fee award" or "answer the question of what is 'reasonable' in light of that level of success"). When determining a reasonable fee award under a federal fee-shifting statute such as the Longshore Act, a district court must first calculate the lodestar by multiplying the "number of hours reasonably expended . . . by [the] reasonable hourly rate." *Van Skike v. Dir., Office of Workers' Comp. Programs*, 557 F.3d 1041, 1046 (9th Cir. 2009) (citing *Tahara v. Matson Terminals, Inc.*, 511 F.3d 950, 955 (9th Cir. 2007)).

"This Circuit requires that courts reach attorneys' fee decisions by considering some or all of twelve relevant criteria set forth in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67 (9th Cir. 1975)." *Quesada v. Thomason*, 850 F.2d 537, 539 (9th Cir. 1988).

> The *Kerr* factors are (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* at 539 n.1. "A mere statement that a court has considered the *Kerr* guidelines does not make a decision within the court's discretion." *Id.* at 539. Rather, the "court must 'articulate with sufficient clarity the manner in which it makes its determination.'" *Id*. (quoting *Chalmers v. City of L.A.*, 796 F.2d 1205, 1211 (9th Cir. 1986), *amended by* 808 F.2d 1373 (9th Cir. 1987)). While detailed calculations are not mandated, "something more than a bald, unsupported amount is necessary" to affirm an award of attorneys' fees. *Chalmers*, 796 F.2d at 1211 n.3. In *Moreno v. City of Sacramento*, 534 F.3d 1106 (9th Cir. 2008), we explained that

> [w]hen the district court makes its award, it must explain how it came up with the amount. The explanation need not be elaborate, but it must be comprehensible. . . .   Where the difference between the lawyer's request and the court's award is relatively small, a somewhat cursory explanation will suffice. But *where the disparity is larger, a more specific articulation of the court's reasoning is expected.*

*Id*. at 1111 (emphasis added); *see also Brewster v. Dukakis*, 3 F.3d 488, 493 (1st Cir. 1993) ("As a general rule, a fee-awarding court that makes a substantial reduction in either documented time or authenticated rates should offer reasonably explicit findings . . . .").

The district court must also "explain how it arrived at its determination with sufficient specificity to permit an appellate court to determine whether the district court abused its discretion in the way the analysis was undertaken." *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009) (citing *Chalmers*, 796 F.2d at 1211).

## II

The district court's selection of a blended hourly rate of $400, combined with its reduction in the number of compensable hours by almost half, from 60.9 to 35 hours, resulted in Carter receiving a 37 percent reduction in fees: from $22,585 to $14,268.50.  In its fee order, the district court identified the twelve *Kerr* factors and mentioned two that it considered most relevant: (1) "the disproportionate relationship between the amount of fees incurred

($22.585.00) and the amount at stake in the litigation ($3,220.20)"; and (2) that "Carter [did] not bear primary responsibility for the fact that this matter became considerably more protracted than the 'quick and inexpensive mechanism' envisioned by the statute." Beyond that very brief discussion, however, the district court offered no other analysis before concluding that "[u]nder the circumstances here, for purposes of fee-shifting, 35 hours of attorney time at a blended hourly rate of $400 is reasonable."

In *Costa v. Commisioner of Social Security Administration*, 690 F.3d 1132 (9th Cir. 2012), where a magistrate judge "reduced the number of hours compensated by nearly one-third, [from 60.5 hours] to 41.1 hours," we held that "[u]nder *Moreno*, the magistrate judge was required to provide relatively specific reasons for making such significant reductions." *Id*. at 1134, 1136. Here, the district court judge reduced the compensable hours by almost half. We conclude that the judge was required to provide more specific reasons for making such a significant reduction.

Additionally, the district court appears to have averaged the senior counsel rate of $500 and the associate rate of $300 to reach its blended hourly rate of $400. That approach is difficult to understand given that the associate, who billed at the lower rate, billed nearly three times as many hours as the two more senior counsel. Further, it appears that the district court may not have considered the paralegal rate of $150 when calculating its blended rate, even though the two paralegals expended a total of 6.9 hours on the matter. *See, e.g.*, *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990) (holding that "the district court abused its discretion in determining that $100 was the appropriate rate at which to award fees" where evidence

produced by the plaintiffs supported a market rate between $125 and $160 per hour).

Equally opaque are the district court's reasons for concluding that "35 hours of attorney time was reasonable" or why 25.9 hours of attorney time (32.8 hours including the paralegals' time) were entirely non-reimbursable. We held in *United Steelworkers* that "[w]ithout an indication from the district court," we were "unable to review the district court's determination of the number of hours reasonably expended on the litigation." *Id.* at 406–07. While the district court here mentioned two *Kerr* factors (the disparity between the fees incurred and the amount at stake and CB's primary responsibility for the protracted litigation), it did not explain with sufficient detail how these factors bore on the ultimate fee award. *See Cunningham v. City of L.A.*, 879 F.2d 481, 485 (9th Cir. 1988).

Here, Carter's fee award was reduced by 37 percent, far more than the 20 to 25 percent reduction in *Costa*. In this circumstance, *Costa* requires the district court "to provide relatively specific reasons for making such significant reductions." *Costa*, 690 F.3d at 1136. The district court may have very good reasons for believing the reductions in the fee award were appropriate, but if that is the case, "it must explain why." *Moreno*, 534 F.3d at 1113.

## Conclusion

We conclude that the district court did not explain its decision to reduce Carter's fee request with sufficient specificity to allow us to review the reasonableness of the fee award. We therefore **VACATE** and **REMAND** this matter to the district court with instructions to reconsider the amount

of the fees it awarded Appellant and articulate the basis for its fee determination with greater specificity. Each party shall bear its own costs on appeal.