**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 31 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES, et al., ex rel. BRIAN SANT, | No. 15-17320 |
| Plaintiff-Appellant, | D.C. No. 2:09-cv-03617-KJM-EFB |
| MYCHAL WILSON, Counsel for Plaintiff; JEREMY LOREN FRIEDMAN, Counsel for Plaintiff, | MEMORANDUM* |
| Appellants, | |
| v. | |
| BIOTRONIK, INC., | |
| Defendant-Appellee, | |
| and | |
| WESTERN MEDICAL, INC., | |
| Defendant. | |

| | |
|---|---|
| BRIAN SANT, Realtor, ex rel. United States of America, | No. 15-17391 |
| Plaintiff-Appellee, | D.C. No. 2:09-cv-03617-KJM-EFB |
| v. | |

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

MYCHAL WILSON, Counsel for Plaintiff;
JEREMY LOREN FRIEDMAN, Counsel
for Plaintiff,

Appellees,

BIOTRONIK, INC.,

Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Submitted September 12, 2017[**]
San Francisco, California

Before: SILER,[***] TALLMAN, and BEA, Circuit Judges.

Mychal Wilson appeals the district court's order granting in part and denying in part his motion for attorneys' fees pursuant to the False Claims Act, 31 U.S.C. § 3729, *et seq*. ("FCA"). Because the district court did not abuse its discretion in determining the reasonable attorneys' fees to which Wilson was entitled, we affirm.

Wilson's client, Brian Sant, brought a *qui tam* action under the FCA against

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

his employer, Biotronik, Inc., on behalf of the United States. The United States later intervened in Sant's suit and reached a settlement agreement with Sant, Biotronik, and certain states. The settlement provided that Biotronik would pay the attorneys' fees to which Sant was "statutorily entitled." Subsequently, Wilson filed his motion for attorneys' fees in the district court.

The district court applied the lodestar method to determine the "reasonable" fee for Wilson's services. *See Carter v. Caleb Brett LLC*, 757 F.3d 866, 868 (9th Cir. 2014) (noting that the lodestar method is the correct framework for calculating reasonable attorneys' fees under federal fee-shifting statutes). This process required the district court to calculate the reasonable number of hours Wilson had expended and multiply that number by the reasonable hourly rate for Wilson's services. *Id*. Wilson contends the district court committed several errors in applying the lodestar analysis. We review the district court's decision for an abuse of discretion. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 977 (9th Cir. 2008). Finding none, we affirm.

1. The district court did not err by reducing Wilson's requested hours for work performed on the underlying litigation or for work performed on the fee petition. The district court reduced Wilson's requested hours for work performed on the underlying litigation by 20 percent because it found that Sant had achieved only limited success in the underlying litigation. The district court reduced

3

Wilson's request for work performed on the underlying litigation by an additional 5 percent due to Wilson's vague billing entries, unnecessary tasks, block billing, and work which should have been delegated to a non-attorney. Wilson contends both reductions were in error.

A district court may reduce a request for attorneys' fees when the applicant achieved only limited success in the underlying litigation. *Hensley v. Eckerhart*, 461 U.S. 424, 440 (1983) ("A reduced fee award is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole."). District courts also have the discretion to reduce attorneys' fee awards for deficiencies in the billing records submitted by the fee applicant. *See Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007) (allowing a reduction for block billing). Here, the record adequately supports the district court's decision to reduce Wilson's fee request for work performed on the underlying litigation.

Similarly, we find no error in the district court's decision to reduce Wilson's requested hours for work performed on the fee petition by 30 percent based on a lack of success and inefficient litigation practices. A district court can reduce a fees-on-fees request in proportion to the applicant's success on the underlying petition. *Thompson v. Gomez*, 45 F.3d 1365, 1368 (9th Cir. 1995). Because the district court denied more than 70 percent of the fees Wilson requested for work

performed on the underlying litigation,[1] it could have reduced Wilson's request for fees-on-fees by the same amount. Consequently, we find no error with the court's decision to reduce Wilson's request for hours spent on the fee petition by 30 percent.

2. The district court also did not err in setting Wilson's hourly rate. The district court awarded Wilson an hourly rate of $400 per hour for work performed on the underlying litigation and $300 per hour for work performed on the fee petition. The district court's order reflects careful consideration of the evidence and arguments submitted by the parties, is supported by the record, and we find no abuse of discretion in its determination of Wilson's hourly rate.

3. Finally, the district court did not err when it refused to apply a two-times multiplier to the lodestar amount based on exceptional results and/or the fact that the nature of Wilson's solo practice required him to forego work in order to prosecute Sant's case. The district court rejected a multiplier because it had already considered both the quality of Sant's results and the nature of Wilson's practice in setting the lodestar amount, and Supreme Court precedent prohibits a district court from "double counting" these factors for purposes of a multiplier.

---

[1] Taking into account Wilson's requested multiplier, as the district court did, Wilson requested approximately $1.1 million in fees for work performed on the underlying litigation. Ultimately, the district court awarded him $305,748 in fees for work performed on the underlying litigation.

*Blum v. Stenson*, 465 U.S. 886, 898–901 (1984).  We find no error in the district

court's decision to reject Wilson's request for a lodestar multiplier. [2]

**AFFIRMED as to appeal 15-17320. DISMISSED as to appeal 15-17391.**[3]

---

[2]     Because the district court rejected Wilson's request for a multiplier on the basis that it had already considered the contingent risk and the nature of his solo practice, it is unnecessary to reach Wilson's argument that FCA fee awards should be exempted from the Supreme Court's ruling in *City of Burlington v. Dague*, 505 U.S. 557 (1992).

[3]     Biotronik cross-appealed the district court's order.  In its briefing, Biotronik characterizes its cross-appeal as "protective" and requests that we dismiss the cross-appeal as moot if we affirm the district court.  Because we affirm the district court, we dismiss Biotronik's cross-appeal as moot.