**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 22 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re:  VOLKSWAGEN "CLEAN DIESEL" MARKETING, SALES PRACTICES, AND PRODUCTS  LIABILITY LITIGATION, | No.    17-16066 |
| | D.C. No. 3:15-md-02672-CRB |
| JASON HILL; RAY PRECIADO; SUSAN TARRENCE; STEVEN R. THORNTON; ANNE DUNCAN ARGENTO; SIMON W. BEAVEN; JULIET BRODIE; SARAH BURT; AIMEE EPSTEIN; GEORGE FARQUAR; MARK HOULE; REBECCA KAPLAN; HELEN KOISK-WESTLY; RAYMOND KREIN; LEO WINTERNITZ; MARCUS ALEXANDER DOEGE; LESLIE MACLISE-KANE; TIMOTHY WATSON; FARRAH P. BELL; JERRY LAWHON; MICHAEL R. CRUISE; JOHN C. DUFURRENA; SCOTT BAHR; KARL FRY; CESAR OLMOS; BRITNEY LYNNE SCHNATHORST; CARLA BERG; AARON JOY; ERIC DAVIDSON WHITE; FLOYD BECK WARREN; THOMAS J. BUCHBERGER; RUSSELL EVANS; CARMEL RUBIN; DANIEL SULLIVAN; MATTHEW CURE; DENISE DE FIESTA; MARK ROVNER; WOLFGANG STEUDEL; ANNE MAHLE; DAVID MCCARTHY; SCOTT MOEN; RYAN JOSEPH SCHUETTE; MEGAN WALAWENDER; JOSEPH MORREY; | MEMORANDUM[*] |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

MICHAEL LORENZ; NANCY L. STIREK;
REBECCA PERLMUTTER; ADDISON
MINOTT; RICHARD GROGAN; ALAN
BANDICS; MELANI BUCHANAN
FARMER; KEVIN BEDARD;
ELIZABETH BEDARD; CYNTHIA R.
KIRTLAND; MICHAEL CHARLES
KRIMMELBEIN; WILL HARLAN;
HEATHER GREENFIELD; THOMAS W.
AYALA; HERBERT YUSSIM;
NICHOLAS BOND; BRIAN J. BIALECKI;
KATHERINE MEHLS; WHITNEY
POWERS; ROY MCNEAL; BRETT
ALTERS; KELLY R. KING; RACHEL
OTTO; WILLIAM ANDREW WILSON;
DAVID EBENSTEIN; MARK
SCHUMACHER; CHAD DIAL; JOSEPH
HERR; KURT MALLERY; MARION B.
MOORE; LAURA SWENSON; BRIAN
NICHOLAS MILLS; STEPHEN VERNER,

Plaintiffs-Appellees,

AUTOPORT, LLC,

Objector-Appellant,

v.

VOLKSWAGEN GROUP OF AMERICA,
INC.; VOLKSWAGEN, AG; AUDI, AG;
AUDI OF AMERICA, LLC; PORSCHE
CARS NORTH AMERICA, INC.;
ROBERT BOSCH GMBH; ROBERT
BOSCH, LLC,

Defendants-Appellees.

Appeal from the United States District Court

for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Argued and Submitted December 19, 2018
San Francisco, California

Before:  M. SMITH and NGUYEN, Circuit Judges, and RESTANI,** Judge.

Attorneys for Objector-Appellant Autoport, LLC (Autoport) represented it in a state-court action against Volkswagen, and also provided guidance to class counsel in this underlying multidistrict litigation (MDL).  Autoport filed a motion for attorneys' fees to recover for these services, which the district court denied along with 243 other fee motions.  We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Much of the relevant factual background for this appeal is set forth in the concurrently filed opinion in *Bishop, Heenan & Davies v. Volkswagen Group of America, Inc.*, Nos. 17-16020+.  As part of the flurry of litigation that followed public disclosure of Volkswagen's use of "defeat devices" in its purportedly "clean diesel" vehicles, Autoport and its lawyers represented non-Volkswagen dealers (Non-VW Dealers) in Missouri state court.[1]  Upon reviewing the proposed MDL settlement filed with the district court (the Settlement), one of Autoport's lawyers,

---

**      The Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

[1]      Autoport's Missouri litigation was not consolidated with the other Volkswagen cases or transferred to the district court.

Allen P. Press of the firm Jacobson Press & Fields P.C. (JPF), noted that its text might have excluded Non-VW Dealers—an omission that, as confirmed by one of Volkswagen's lawyers, would have been inadvertent. Press proceeded to engage with the MDL's Plaintiffs' Steering Committee (PSC), and after a "lengthy email exchange with various PSC members," the MDL's "Lead Counsel stated that dealers were included in the Settlement." The final Settlement text remedied these potential errors and included Non-VW Dealers. Autoport subsequently filed a motion for attorneys' fees with the district court, seeking compensation primarily for JPF's efforts in Missouri state court. The district court denied Autoport's motion, and this appeal followed.

1.     As discussed at greater length in the *Bishop, Heenan & Davies* opinion, at the commencement of the MDL, the district court issued a series of pretrial orders (PTOs) to govern the litigation. PTO No. 11 mandated that "[t]he recovery of common benefit attorneys' fees and cost reimbursements will be limited to 'Participating Counsel,'" meaning Lead Counsel, the PSC, and "any other counsel authorized by Lead Counsel to perform work that may be considered for common benefit compensation, and/or counsel who have been specifically approved by this Court as Participating Counsel prior to incurring any such cost or expense." PTO No. 11 further explained that "Participating Counsel shall be eligible to receive common benefit attorneys' fees and reimbursement of costs and expenses only if

4

the time expended, costs incurred, and activity in question were (a) for the common benefit of Plaintiffs; (b) timely submitted; and (c) reasonable."

The $404,646.27 in fees that Autoport sought in its motion were not merely compensation for Press's work with the Settlement text, but were instead primarily for the work JPF performed for Autoport in Missouri state court. That wholly separate litigation was not consolidated as part of the MDL, and there is no evidence that Lead Counsel requested and authorized the 287.3 hours spent prosecuting that state-court action, as required by PTO No. 11.

As for the approximately thirteen hours of work that Press spent working on the Settlement text, although his efforts arguably benefited the MDL class, it is not clear from the record that Press qualified as "counsel authorized by Lead Counsel to perform work that may be considered for common benefit compensation, and/or counsel who have been specifically approved by this Court as Participating Counsel prior to incurring any such cost or expense." Press's declaration, uncontested though it may be, demonstrated only that a representative of the PSC *discussed* the Settlement with him; it does not necessarily follow that the work was sanctioned beforehand, or that Press or JPF qualified as counsel authorized by Lead Counsel to perform work. "A district court abuses its discretion if its decision is based on an erroneous conclusion of law or if the record contains no evidence on which it rationally could have based its decision." *Stanger v. China*

*Elec. Motor, Inc.*, 812 F.3d 734, 738 (9th Cir. 2016) (quoting *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 992 (9th Cir. 2010)).  Here, the evidence in the record supports the district court's conclusion that Autoport did not comply with PTO No. 11, as there is no evidence that Lead Counsel or the court actually authorized Press's work on the Settlement.  Therefore, the district court did not abuse its discretion when it concluded that none of the work for which Autoport sought attorneys' fees, even those efforts that arguably benefited the class, could be compensated.[2]

2.      Autoport also argues that the district court abused its discretion by "fail[ing] to consider any of the facts on which the fee request was based" and "group[ing] the lawyers' request in with those of numerous other lawyers who did not create any benefit for the Class."  However, as discussed in the *Bishop, Heenan & Davies* opinion, the district court only needed to "articulate with sufficient clarity the manner in which it ma[de] its determination."  *Carter v. Caleb Brett LLC*, 757 F.3d 866, 869 (9th Cir. 2014) (quoting *Quesada v. Thomason*, 850 F.2d 537, 539 (9th Cir. 1988)).  Here, the district court explained the applicable standard and then concluded—correctly and specifically—that Autoport's work was not "requested

---

   [2]      Furthermore, although not explicitly addressed by the district court, there is no evidence that Autoport followed the compensation procedure required by PTO No. 11.  This would be yet another ground for denying its fee motion, apart from whether Lead Counsel authorized Press to perform work on the Settlement.

and authorized" by Lead Counsel.[3]  Although brief, the district court's explanation sufficiently articulated the reason for its denial.

**AFFIRMED.**

---

[3]     We note a slight error in the district court's order.  In a footnote, the court explained that certain "non-class attorneys assert that they made suggestions to the PSC regarding the language used in the consolidated class action complaints," and cited to the specific docket number of Autoport's motion.  The court concluded, "Those attorneys, however, have not submitted evidence that Lead Counsel requested and authorized this work."  This description is not entirely accurate; Autoport's attorney made a suggestion to the PSC regarding the text of the *Settlement*, not the text of the MDL's consolidated class action complaint.  However, this minor error does not change the fact that, as the district court correctly noted, Autoport did "not submit[] evidence that Lead Counsel requested and authorized" Press's work.