**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 8 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GARY SCHERER, | No.  20-55201 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-08239-GW-AFM |
| v. | |
| WOODLEY-VANOMEN PROPERTIES; TMT WIRELESS, INC., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Submitted March 3, 2021**
Pasadena, California

Before:  KLEINFELD, TALLMAN, and OWENS, Circuit Judges.

Gary Scherer appeals from the district court's order granting his motion for

attorney's fees in his action under the Americans with Disabilities Act and the

California Unruh Civil Rights Act.  As the parties are familiar with the facts, we do

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

not recount them here.  We affirm.

"The most useful starting point for determining the amount of a reasonable [attorney's] fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate," also "known as the lodestar."  *Vogel v. Harbor Plaza Ctr., LLC*, 893 F.3d 1152, 1158 (9th Cir. 2018) (citation omitted).  "In determining the appropriate lodestar amount, the district court may exclude from the fee request any hours that are 'excessive, redundant, or otherwise unnecessary.'"  *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 946 (9th Cir. 2007) (citation omitted).

Here, the district court utilized the lodestar method, reviewed over 100 billing entries, and excluded or reduced entries it found unreasonable such as "duplicative entries, entries where the time billed was unreasonably long and entries where attorneys [were] billing for administrative work far below their capabilities."  The district court also reduced hours for overstaffing and "blatant overbilling."  These entries were reasonably reduced or excluded from the lodestar amount because they were "excessive, redundant, or otherwise unnecessary."  *Id.* This "is precisely the kind of assessment that is entitled to considerable deference because of the district court's superior understanding of the litigation."  *Id.* at 949 (citation and internal quotation marks omitted).

"[W]hen the district court makes its award, it must explain how it came up

2

with the amount.  The explanation need not be elaborate, but it must be comprehensible[.]" *Carter v. Caleb Brett LLC*, 757 F.3d 866, 869 (9th Cir. 2014) (citation omitted).  "While detailed calculations are not mandated, 'something more than a bald, unsupported amount is necessary' to affirm an award of attorneys' fees." *Id.* (citation omitted).  Here, the district court gave a "comprehensible" explanation for the rate set and ultimate award, providing substantially more than a "bald, unsupported amount." *See id.* (citation omitted).

Finally, Scherer's argument that the district court was biased is without merit.  And because we affirm, reassignment to a new district court judge is moot.

**AFFIRMED**.