**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

          v.

DAVID LEE OLANDER,
          *Defendant-Appellant.*

No. 08-30180

D.C. No.
3:06-cr-00018-KI

OPINION

Appeal from the United States District Court
for the District of Oregon
Garr M. King, District Judge, Presiding

Argued and Submitted
May 5, 2009—Portland, Oregon

Filed July 15, 2009

Before: William A. Fletcher, Carlos T. Bea and
Sandra S. Ikuta, Circuit Judges.

Opinion by Judge William A. Fletcher

## COUNSEL

Amy Baggio, FEDERAL PUBLIC DEFENDER'S OFFICE, Portland, Oregon, for the appellant.

Greg Nylus, Michelle Holman Kerin, OFFICE OF THE UNITED STATES ATTORNEY, Portland, Oregon, for the appellee.

## OPINION

W. FLETCHER, Circuit Judge:

David Lee Olander appeals the district court's denial of his motion to dismiss the charge against him for receiving child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A). He argues that the sentencing scheme in § 2252A(b) and the legislative histories of the Protection of Children Against Sexual Exploitation Act of 1977; the Child Protection Act of 1984; the Child Protection Restoration and Penalties Enhancement Act of 1990; and the Child Pornography Prevention Act of 1996 indicate that the crime of receiving child pornography includes among its elements an intent to barter, trade, or gift (hereinafter "intent to distribute"). The government did not allege that Olander had an intent to distribute. Olander argues that the charge against him must therefore be dismissed. We

hold that the crime of receiving child pornography codified at 18 U.S.C. § 2252A(a)(2)(A) does not include intent to distribute among its elements. We affirm the district court's denial of Olander's motion to dismiss the charge against him.

## I.   Background

Olander was indicted for knowingly receiving computer images of child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A) and (b)(1), and knowingly possessing images of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). Olander moved to dismiss the receiving charge, contending that "receiv[ing]" child pornography under § 2252A(a)(2)(A) requires an intent to distribute the pornography that has been received. The indictment did not charge that Olander had an intent to distribute.

The district court denied Olander's motion. It stated that he had made "compelling arguments" but that those arguments were foreclosed by *United States v. Mohrbacher*, 182 F.3d 1041 (9th Cir. 1999), *United States v. Romm*, 455 F.3d 990 (9th Cir. 2006), and *United States v. Kuchinski*, 469 F.3d 853 (9th Cir. 2006).

Olander then pled guilty to both charges in the indictment. The receiving charge carried a mandatory minimum sentence of five years. 18 U.S.C. § 2252A(b)(1). The possession charge did not have a mandatory minimum sentence. *Id.* § 2252A(b)(2). The district court sentenced Olander to five years in prison for each count, to be served concurrently.

Under the terms of his plea agreement, Olander reserved the right to appeal the district court's denial of his motion to dismiss the receiving charge. That appeal is now before us.

## II.   Standard of Review

We review de novo a district court's decision whether to dismiss a charge in an indictment based on its interpretation

of a federal statute. *United States v. Gorman*, 314 F.3d 1105, 1110 (9th Cir. 2002). "Questions of statutory interpretation are reviewed de novo." *United States v. Youssef*, 547 F.3d 1090, 1093 (9th Cir. 2008).

### III.   Discussion

The issue in this case is whether the crime of receiving child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A) includes among its elements an intent to distribute the pornography. If receiving child pornography requires an intent to distribute, then the charge against Olander must be dismissed because the indictment did not allege that he had such an intent.

A handful of Ninth Circuit opinions have addressed the crime of receiving child pornography under § 2252A(a)(2)(A). In *Mohrbacher*, the defendant had downloaded from the internet, and saved to his computer, images of child pornography. 182 F.3d at 1044. He was convicted of receiving child pornography in violation of § 2252A(a)(2)(A) and of transporting child pornography in violation of § 2252(a)(1). *Id.* at 1044-46. On appeal, he conceded that downloading amounted to receiving child pornography, but he argued that receiving via an internet download did not amount to transporting. *Id.* at 1047. We agreed, stating that a "customer who is simply on the receiving end" of computer images showing child pornography "is guilty of receiving or possessing such materials under § 2252(a)(2) but not of shipping or transporting them." *Id.* at 1050. We also stated that an "individual who downloads material takes possession or accepts delivery of the visual image; he has therefore certainly received it." *Id.* at 1048.

In *Romm*, a search of the defendant's computer revealed about forty images of child pornography that he had viewed online, enlarged on his screen, and then deleted. 455 F.3d at 993-96. Romm was convicted of receiving child pornography

in violation of § 2252A(a)(2) and possessing child pornography in violation of § 2252A(a)(5)(B). *Id.* at 993. On appeal, he argued that there was insufficient evidence that his "viewing" of the images amounted to receiving or possessing. *Id.* at 997-98. We stated that "a person can receive and possess child pornography without downloading it, if he or she seeks it out and exercises dominion and control over it." *Id.* at 998. We reasoned that "[s]ince Romm knowingly possessed the files in the internet cache, it follows that he also knowingly received them." *Id.* at 1001 (citing § 2252A(a)(2)). We referred to *Mohrbacher*, stating that in that case "we held that downloading child pornography constitutes both the act of possession and receipt." *Id.* at 1002 (citing *Mohrbacher*, 182 F.3d at 1048). We upheld Romm's conviction. *Id.*

In *Kuchinski*, the FBI recovered over 15,000 images of child pornography from the defendant's computer. 469 F.3d at 856. Kuchinski was charged with receiving child pornography in violation of § 2252A(a)(2), and with possessing child pornography in violation of § 2252A(a)(5)(B). *Id.* He pled guilty to the possession charge and, following a bench trial, was found guilty on the receiving charge. *Id.* at 856-57. On appeal, he argued that the prosecution for receiving child pornography subjected him to double jeopardy because possessing child pornography is a lesser included offense of receiving. *Id.* at 859. The court noted that the argument had "plausibility" and cited *Mohrbacher* fo0r the proposition that "receiving materials is taking possession of them." *Id.* at 859 & n.7. However, we did not decide that question. *See id.* at 859-60.

The question we avoided in *Kuchinski* arose again in *United States v. Davenport*, 519 F.3d 940 (9th Cir. 2008). The defendant had been caught with images and videos of child pornography on his computer. *Id.* at 942. He pled guilty to receiving child pornography in violation of § 2252A(a)(2) and to possessing child pornography in violation of § 2252A(a)(5)(B). *Id.* On appeal, he argued that he could not

be convicted of both crimes because possession is a lesser included offense of receipt. *Id.* at 943. We agreed. *Id.* at 947. We stated that "nowhere in its congressional findings does Congress explicitly frame receipt and possession as two distinct harms," and that a "plausible interpretation of Congress's findings is that the harms Congress identified emanate from the general existence of child pornography, and relate simultaneously to both receipt and possession of those illicit materials." *Id.* at 946.

Olander argues that in none of these opinions did we hold that the crime of receiving child pornography is complete upon receipt of the pornography with no showing that the recipient intended to distribute it. To the extent that these opinions spoke to the issue, they did so only in dicta. Olander's argument has some plausibility. The precise issue in *Mohrbacher* was "whether downloading" child pornography "constitutes shipping or transporting within the meaning of the terms used in 18 U.S.C. § 2252A(a)(1)." 182 F.3d at 1047. The defendant conceded that he was guilty of receiving child pornography under § 2252A(a)(2)(A), and we did not analyze that crime's elements. *See generally id.* Likewise, the question in *Romm* was whether sufficient evidence supported the defendant's conviction for receiving child pornography under § 2252A(a)(2)(A). 455 F.3d at 997-98. Again, we did not explicitly examine that crime's elements. *See id.* at 997-98, 1001-02. In *Kuchinski*, we referred to *Mohrbacher* only in an unnecessary footnote. 469 F.3d at 859 n.7. Likewise, any statement in *Davenport* was not essential to our holding. *See Davenport*, 519 F.3d 946.

Assuming arguendo that these cases do not control our decision in the case before us, we analyze § 2252A(a)(2)(A) afresh. "The starting point for our interpretation of a statute is always its language." *Tahara v. Matson Terminals, Inc.*, 511 F.3d 950, 953 (9th Cir. 2007) (internal citations omitted). We must consider "the language itself, the specific context in which that language is used, and the broader context of the

statute as a whole." *Robinson v. Shell Oil Co.*, 519 U.S. 337, 341 (1997). "If necessary to discern Congress's intent, we may read statutory terms in light of the purpose of the statute." *Wilderness Soc'y v. U.S. Fish & Wildlife Serv.*, 353 F.3d 1051, 1060 (9th Cir. 2003) (en banc). "We will resort to legislative history, even where the plain language is unambiguous, 'where the legislative history clearly indicates that Congress meant something other than what it said.' " *Carson Harbor Vill., Ltd. v. Unocal Corp.*, 270 F.3d 863, 877 (9th Cir. 2001) (quoting *Perlman v. Catapult Entm't, Inc.*, 165 F.3d 747, 753 (9th Cir. 1999).

Section 2252A provides in pertinent part:

(a) Any person who—

(1) knowingly mails, or transports or ships . . . including by computer, any child pornography;

(2) knowingly receives or distributes—

(A) any child pornography that has been mailed, or using any means or facility of interstate or foreign commerce shipped or transported in or affecting interstate or foreign commerce by any means, including by computer; or

B) any material that contains child pornography that has been . . . transported . . . by any means, including by computer;

(3) knowingly—

(A) reproduces any child pornography for distribution . . . ; or

(B) advertises, promotes, presents, distributes, or solicits . . . any [child pornography];

(4) either—

(A) [omitted]

B) knowingly sells or possesses with the intent to sell any child pornography . . . ;

(5) either—

(A) [omitted]

(B) knowingly possesses [child pornography];

(6) knowingly distributes . . . to a minor [child pornography] . . . . or;

(7) knowingly produces with intent to distribute, or distributes . . . child pornography that is an adapted or modified depiction of an identifiable minor.

shall be punished as provided in subsection (b).

[1] The plain language of § 2252A(a)(2)(A) is inconsistent with Olander's argument. The text simply provides that "knowingly receiv[ing] . . . any child pornography" is prohibited. There is no indication from this text, considered alone, that the crime of receiving child pornography includes among its elements an intent to distribute the pornography.

[2] Congress first made receiving child pornography a federal crime when it passed the Protection of Children Against

Sexual Exploitation Act of 1977, Pub. L. No. 95-225, 92 Stat. 7. Congress most recently addressed the receipt of child pornography when it passed the Child Pornography Prevention Act of 1996, Pub. L. No. 104-208, 110 Stat. 3009 (1996). The directly relevant language of the 1996 Act is codified at § 2252A(a)(2)(A). The first definition of "receive" in the edition of Webster's New International Dictionary current in 1996 is "to take possession or delivery of." Webster's New Int'l Dictionary 1894 (3d ed. 1976). The edition of Black's Law Dictionary current in 1996 defined "receive" as "take into possession and control; accept custody of; collect." Black's Law Dictionary 1268 (6th ed. 1990). In *Mohrbacher*, the court looked to the then- and still-current edition of the Oxford English Dictionary, which defined "receiving" as "tak[ing] into one's hand, or into one's possession (something held out or offered by another); to take delivery of (a thing) from another, either for oneself or for a third party." 182 F.3d at 1048 (citing Oxford English Dictionary 314 (2d ed. 1989)). None of these definitions, or any others in these dictionaries, suggests that "receive" incorporates an intent to distribute.

[3] The broader textual context in which § 2252A(a)(2)(A) appears does nothing to support Olander's argument. Throughout § 2252A(a), Congress has explicitly indicated when it wants to include intent to distribute as an element of the crime. For example, § 2252A(a)(3) punishes reproducing child pornography "for distribution." Section 2252A(a)(4) punishes possessing child pornography "with the intent to sell." Section 2252A(a)(6) prohibits "knowingly distribut[-ing]" child pornography to a minor. Section 2252A(a)(2)(A), the provision under which Olander was charged, contains no such language. "[W]here Congress includes particular language in one section of a statute but omits it in another . . . , it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *Russello v. United States*, 464 U.S. 16, 23 (1983) (internal quotation marks omitted).

**[4]** However, Olander does make a plausible contextual argument based on the sentencing scheme for violations of § 2252A(a). Violations of § 2252A(a)(1), (2), (3), (4), and (6) carry a mandatory minimum sentence of 5 years and a maximum sentence of 20 years. 18 U.S.C. § 2252A(b)(1). Violations of § 2252A(a)(5) do not carry a mandatory minimum sentence and have a maximum sentence of 10 years. *Id.* § 2252A(b)(2). Olander contends that subsections (1), (2), (3), (4), and (6) carry more severe sentences because they involve *distribution* of child pornography, whereas subsection (5) involves only *possession*. Distribution is a more serious offense than possession, and subsections (1), (2), (3), (4), and (6) reflect this by punishing distribution more severely. Olander argues that he could not have been convicted and punished under subsection (2) without an intent to distribute.

There is little to distinguish possession from receipt. If one receives child pornography, one necessarily possesses it, at least for a short time. Consequently, it is hard to see why a defendant deserves greater punishment for having received pornography than for possessing it. Indeed, in many cases, the relative culpability may be higher for possession, given that a defendant can destroy or discard the pornography, thereby ceasing to possess it, while no action can erase the fact of the receipt that led to the possession. This makes possession willful in a way that receipt may not always be.

However, Congress could have concluded that knowing receipt of child pornography should be punished more severely than mere possession because not all cases of possession require receipt. For example, the creator of child pornography will not have received it. *See United States v. Davenport*, 519 F.3d 940, 944 (9th Cir. 2008). Congress could have decided to punish mere receipt (with or without intent to distribute) more severely than possession in order to deter those who receive child pornography from others and who thereby create demand and drive the market for child pornography.

Olander contends that the more severe punishment for receipt under § 2252A(a)(2)(A) than for possession under § 2252A(a)(5) is due to a mistake in drafting. Congress first made receiving child pornography a federal crime when it passed the Protection of Children Against Sexual Exploitation Act of 1977. That act criminalized "receiv[ing child pornography] *for the purpose of sale or distribution for sale*." 92 Stat. 8 (emphasis added). Congress subsequently passed the Child Protection Act of 1984, Pub. L. No. 98-292, 98 Stat. 204, which removed the italicized language. 98 Stat. 204-05. This was done in part because " '[e]xperience revealed that much if not most child pornography material is distributed through an underground network of pedophiles who exchange the material on a non-commercial basis, and thus no sale is involved.' " *United States v. Adams*, 343 F.3d 1024, 1031 n.6 (9th Cir. 2003) (quoting H.R. Rep. 99-910 at 4 (1986), *reprinted in* 1986 U.S.C.C.A.N. 59).

Olander argues that Congress in 1984 did not intend to eliminate the intent-to-distribute requirement previously associated with the crime of receiving child pornography. Rather, Congress intended merely to remove the requirement that the distribution be for commercial purposes. That is, Congress intended to amend the statute to provide for a severe punishment for distribution and receipt with intent to distribute, whether or not the distribution or intended distribution was for commercial purposes.

Olander also points to the legislative history of the Child Protection Restoration and Penalties Enhancement Act of 1990, Pub. L. No. 101-647, 104 Stat. 4789. This Act was passed after the 1984 Act that adopted the current text of § 2252A(a)(2)(A), whose meaning we are trying to discern. The 1990 Act for the first time made mere possession of child pornography a crime. *See Adams*, 343 F.3d at 1031. Senator Strom Thurmond introduced the legislation, stating, "those who simply possess or view" child pornography "are not covered by current law," which addresses only transporting, dis-

tributing, receiving, or reproducing child pornography. 136 Cong. Rec. S7701, S7783 (Apr. 20, 1990). Olander relies on Senator Thurmond's statement to argue that possession without intent to distribute was not a crime prior to 1990, and that the 1984 Act, which made receipt a crime, could have presupposed that the receipt included an intent to distribute.

**[5]** It is possible that the text of § 2252A(a)(2)(A), which penalizes mere receipt of child pornography as severely as distribution and attempted distribution, is the result of a drafting mistake. But as written, the text of § 2252A(a)(2)(A) is clear: receipt of child pornography, with or without an intent to distribute, is a crime. We are not in a position to rewrite § 2252A(a)(2)(A) so that it accords with what Congress might have intended.

## Conclusion

**[6]** For the foregoing reasons, we hold that the crime of receiving child pornography codified at 18 U.S.C. § 2252A(a)(2)(A) does not include intent to distribute among its elements. We affirm the district court's denial of Olander's motion to dismiss the charge against him.

**AFFIRMED.**