**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10087 |
| Plaintiff - Appellee, | D.C. No. 1:11-cr-00023-RVM-1 |
| v. | |
| DONGJUN LI, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern Mariana Islands
Ramona V. Manglona, Chief District Judge, Presiding

Submitted February 18, 2014[**]
Honolulu, Hawaii

Before: HAWKINS, McKEOWN, and BEA, Circuit Judges.

Dongjun Li ("Li") appeals his conviction for unlawful possession of a

counterfeit immigration document pursuant to 18 U.S.C. § 1546(a).[1] We have

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1] Li does not appeal his companion conviction under 18 U.S.C. § 1001(a)(3) for making a false statement to a federal official.

jurisdiction pursuant to 48 U.S.C. § 1821 and 28 U.S.C. §§ 1291, 1294(4). Reviewing de novo the legal conclusions underpinning the denial of a motion to dismiss a charge in an indictment, *United States v. Olander*, 572 F.3d 764, 766 (9th Cir. 2009), we affirm the conviction.

Li, apprehended while possessing counterfeit documents purporting to authorize his advance parole into the United States, argues Section 1546(a) does not apply to his circumstances. Specifically, Li contends that under the legal entry fiction, whereby a non-citizen may be physically within the United States's border without legally having effected entry, *see Alvarez-Garcia v. Ashcroft*, 378 F.3d 1094, 1097 (9th Cir. 2004), the advance parole document would not authorize him to "enter" or lawfully "stay" in the United States within the meaning of the criminal statute.[2]

However, "[w]here a statutory term is not defined in the statute, it is appropriate to accord the term its ordinary meaning. When there is no indication that Congress intended a specific legal meaning for the term, the court may look to sources such as dictionaries for a definition." *United States v. Mohrbacher*, 182 F.3d 1041, 1048 (9th Cir. 1999); *Huffman v. Comm'r*, 978 F.2d 1139, 1145 (9th Cir. 1992) ("Words of both technical and common usage are construed in the latter sense unless the statute plainly

---

[2] Li concedes the counterfeit non-permit document he possessed is authorized by regulation, thereby satisfying the other elements of 18 U.S.C. § 1546(a). *See* 8 C.F.R. § 212.5(f).

indicates otherwise.").  Congress did not define "entry into" or "authorized stay" in the statute or elsewhere in Chapter 75 of Title 18.  Thus, we interpret "entry" to mean physical entry, or the act of physically coming into the United States.  *See Webster's New Int'l Dictionary*, 756–57 (3d ed. 2002) ("enter"); *id.* at 759 ("entry").  Because Li possessed a fraudulent document purporting to allow him to physically enter the United States (and because authentic versions of that document are authorized by regulation), the motion to dismiss the indictment was properly denied.

**AFFIRMED.**