**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 30 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-30208 |
| Plaintiff-Appellee, | D.C. No. 2:16-cr-00021-DLC-1 |
| v. | |
| JESSE WALTER CAMPBELL, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, Chief Judge, Presiding

Argued and Submitted October 11, 2018
Seattle, Washington

Before: PAEZ and BEA, Circuit Judges, and ROYAL,[**] District Judge.

Defendant-Appellant Jesse Campbell was charged in a one count indictment

with possession of marijuana with intent to distribute in violation of the Controlled

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable C. Ashley Royal, United States District Judge for the Middle District of Georgia, sitting by designation.

Substances Act, 21 U.S.C. § 841(a)(1).[1]  The indictment alleged that between approximately September 2015 and May 18, 2016, Campbell possessed, with intent to distribute, 100 marijuana plants in Bozeman, Montana.  Campbell was registered with the State of Montana to provide medical marijuana to patients with debilitating medical conditions.[2]

A criminal defendant's compliance with state medical marijuana laws affects whether he can be prosecuted for a federal marijuana offense because Congress has included a rider to every federal appropriations law since 2014 ("the rider") prohibiting the Department of Justice from using congressionally appropriated funds to interfere with state medical marijuana laws.  *See* Consolidated Appropriations Act, 2018, PL 115-141, March 23, 2018, 132 Stat 348 (2018); Consolidated and Further Continuing Appropriations Act, 2015, Pub. L. No. 113-235, § 538, 128 Stat. 2130, 2217 (2014).

We have held that by preventing interference with state medical marijuana laws, the rider prohibits the Department of Justice from spending funds on "the prosecution of individuals who engaged in conduct permitted by the State Medical Marijuana Laws and who fully complied with such laws."  *United States v.*

---

[1] Campbell was charged with possession of "marihuana" plants, but this disposition uses the more modern spelling.

[2] Because the parties are familiar with the facts of the case, we repeat them only as necessary to explain our decision.

2

*McIntosh*, 883 F.3d, 1163, 1171 (9th Cir. 2016). A criminal defendant may seek to enjoin the expenditure of those funds only if he "strictly compl[ied] with all state-law conditions regarding the use, distribution, possession, and cultivation of medical marijuana." *Id.* at 1178–79. Accordingly, defendants charged with federal marijuana offenses are entitled to evidentiary hearings to determine their strict compliance with state medical marijuana laws. *Id.*

After he was indicted, Campbell moved the district court (1) to dismiss the indictment or to enjoin the prosecution based on his compliance with Montana's Medical Marijuana Act ("MMA"), and (2) to suppress evidence seized during the search of a residence (the "Hidden Valley house"), because the search warrant was not supported by probable cause. The district court conducted a two-day evidentiary hearing, in which both parties put on evidence and called witnesses. The district court denied both of Campbell's motions, finding that Campbell was not in strict compliance with the MMA, and that the search warrant was supported by probable cause. Campbell then entered into a conditional plea agreement, whereby he pleaded guilty to a superseding information charging him with maintaining a drug-involved premises in violation of 21 U.S.C. § 856(a)(1), but reserved the right to appeal the denial of his two pretrial motions. This appeal timely followed.

I.

3

We review de novo a district court's decision to deny a motion to dismiss. *United States v. Olander*, 572 F.3d 764, 766 (9th Cir. 2009). "The grant or denial of injunctive relief rests with the sound discretion of the trial court and requires a clear abuse of discretion for a modification or reversal." *E. & J. Gallow Winery v. Gallo Cattle Co.*, 955 F.2d 1327, 1344 (9th Cir. 1992). A judge's "determination that an affidavit provided probable cause to issue a search warrant will be upheld unless clearly erroneous." *United States v. Alvarez*, 358 F.3d 1194, 1204 (9th Cir. 2004).

## II.

The district court found that Campbell was not in strict compliance with all state law provisions regarding the cultivation of marijuana because Campbell possessed more marijuana than permitted by the MMA. The district court noted a second, independent reason that Campbell was not in strict compliance with the MMA: he failed to include a signed landlord permission form with his 2016 marijuana provider application.

The MMA requires a licensed provider who does not own the property he uses to cultivate marijuana to have the "written permission of the landlord." Mont. Code. Ann. § 50-46-308(6)(a)(ii). The MMA delegates rulemaking authority to the Montana Department of Public Health and Human Services ("DPHHS"), Mont. Code. Ann. § 50-46-344, which has adopted regulations requiring that marijuana

4

cultivators submit a signed landlord permission form along with their annual provider applications, Mont. Admin. R. 37.107.110(6) (2011), Mont. Admin R. 37.107.111(3)(e) (2011). DPHHS reiterated this annual written landlord permission requirement on its marijuana provider application form, which states: "If you do not own [the property where you will be manufacturing and cultivating marijuana] you must include a LANDLORD PERMISSION FORM with this application." Because Campbell concedes that he did not own the Hidden Valley House at the time, and that he failed to provide a landlord permission form along with his 2016 application, the district court was correct in determining that Campbell was not in strict compliance with all state law conditions regarding the cultivation of marijuana.[3]

III.

Campbell also appeals the district court's decision to deny his motion to suppress evidence obtained during the search of the Hidden Valley house, arguing that the search warrant lacked probable cause. A federal Drug Enforcement Administration ("DEA") agent applied for the search warrant with an affidavit based on an informant's statements that the agent had corroborated with power records for the Hidden Valley house. The power records suggested that Campbell was violating

---

[3] Because this provides an independent ground to affirm the district court, we do not reach Campbell's compliance with other aspects of the MMA. Further, because the allocation of the burden of proof does not affect this determination, we decline to reach the question whether the burden-shifting framework that the district court employed at the evidentiary hearing was proper.

the Controlled Substances Act by operating a commercial marijuana cultivation operation out of his residence. Cultivation and possession of marijuana with intent to distribute is still a federal crime, notwithstanding the rider.[4] *See McIntosh*, 833 F.3d at 1179 n.5 ("[The appropriations rider] does not provide immunity from prosecution [if funding were to be restored]. . . . Anyone in any state who possesses, distributes, or manufactures marijuana for medical or recreational purposes (or attempts or conspires to do so) is committing a federal crime."). The two cases that Campbell cites—*Commonwealth v. Canning*, 28 N.E.3d 1156 (Mass. 2015), and *United States v. Kleinman*, 880 F.3d 1020, 1036–37 (9th Cir. 2017)—are inapposite, because they involved search warrants obtained by state or local law enforcement and based on probable cause to believe that the defendants had violated state drug laws. Because the totality of the circumstances show that the district court had a substantial basis to determine that probable cause existed, the issuance of the search warrant was not clearly erroneous.

**AFFIRMED.**

---

[4] Notably, Campbell does not argue that his motion to suppress should have been granted because the DEA violated the appropriations rider in applying for the search warrant—he argues only that the search warrant lacked probable cause. Campbell has thus waived any such argument, and we do not reach the issue whether an appropriations rider violation might provide a basis to exclude evidence. *See Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994).