NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 14 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MARK ELK SHOULDER,

Defendant-Appellant.

No.   20-30102

D.C. No.
1:19-cr-00029-SPW-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Argued and Submitted May 7, 2021
Seattle, Washington

Before:  CHRISTEN and BENNETT, Circuit Judges, and KOBAYASHI,[**] District Judge.

Defendant Mark Elk Shoulder appeals the district court's denial of his

motion to dismiss an indictment charging him with failure to update his

registration as a sex offender in violation of the Sex Offender Registration and

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Leslie E. Kobayashi, United States District Judge for the District of Hawaii, sitting by designation.

Notification Act (SORNA), 18 U.S.C. § 2250(a).  We review de novo a district court's decision whether to dismiss an indictment based on its interpretation of a federal statute.  *United States v. Olander*, 572 F.3d 764, 766 (9th Cir. 2009).  We also review de novo questions of statutory interpretation.  *Id.*  We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm the district court's judgment.[1]

SORNA requires, among other things, that a sex offender who changes his residence must appear in person to register or keep his registration current.  34 U.S.C. § 20913(c); *see also* 18 U.S.C. § 2250(a)(3).  More specifically, registered sex offenders are required, "not later than 3 business days after each change of name, residence, employment, or student status, [to] appear in person in at least 1 jurisdiction involved pursuant to subsection (a) and inform that jurisdiction of all changes in the information required for that offender in the sex offender registry."  34 U.S.C. § 20913(c).  SORNA defines "resides" as "the location of the individual's home or other place where the individual habitually lives."  *Id.* § 20911(13).  Pursuant to the National Guidelines for Sex Offender Registration and Notification, "a sex offender habitually lives in the relevant sense in any place in

---

[1] The parties are familiar with the facts and we recount them only as necessary to resolve the issues on appeal.

2

which the sex offender lives for at least 30 days."  73 Fed. Reg. 38,030, 38,062 (July 2, 2008).

Elk Shoulder argues he did not have a duty to update his registration following his release from prison because his residence had not changed; he was homeless in Billings prior to his incarceration, and he was homeless in Billings upon his release in November 2018.  Analyzing the plain text of the statute, we are not persuaded.  Elk Shoulder resided in prison for almost twenty months, so the prison became his "residence" for purposes of SORNA.  The parties agree Elk Shoulder was not required to update his registration upon becoming incarcerated, but Elk Shoulder's counsel conceded at oral argument that "[Elk Shoulder's] registered address [prior to March 2017] was not 'homeless in Billings,' it was an address in Billings."  Accordingly, even if we were to agree with Elk Shoulder that the prison did not become his "residence" while he was incarcerated, and limit the relevant comparison to Elk Shoulder's registered residence before he was incarcerated and his residence after he was released, Elk Shoulder's address plainly changed when he was released from prison.  Thus, he was required to update his registration within three days.  *See* 34 U.S.C. § 20913(c); 18 U.S.C. § 2250(a).

**AFFIRMED.**