IN THE COMMONWEALTH COURT OF PENNSYLVANIA

George Pisarz,  :
          Petitioner  :
    v.  :  No. 551 C.D. 2023
    :
Montour LLC (Workers' Compensation  :
Appeal Board),  :
          Respondent  :  Argued:  April 11, 2024

BEFORE:   HONORABLE ANNE E. COVEY, Judge
              HONORABLE CHRISTINE FIZZANO CANNON, Judge
              HONORABLE MATTHEW S. WOLF, Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE WOLF              FILED:  May 16, 2024

Before the Court is George Pisarz's (Claimant) Petition for Review of a May 9, 2023 opinion and order of the Workers' Compensation Appeal Board (Board) that affirmed the Workers' Compensation Judge's (WCJ) decision and order denying Claimant's Petition to Review Compensation Benefit Offset (Petition to Review Offset).  For the reasons that follow, we affirm.

## BACKGROUND

This matter has a complex procedural history.  The facts, however, are not in dispute.  Claimant was born on August 18, 1947.  Petition for Review, Exhibit B (WCJ's 11/14/2022 Decision, Finding of Fact (F.F.) No. 10.[1]  On July 1, 2008, Claimant sustained a low back injury during the course and scope of his employment with Montour LLC (Employer) and was awarded wage loss benefits.  *Id.*, F.F. Nos. 3-4.

---

[1] The WCJ's decision does not appear in the Reproduced Record filed by Claimant.  It is attached to Claimant's Petition for Review as Exhibit B.

Before the commencement of the instant offset litigation, Employer sought to suspend Claimant's wage loss benefits as of March 6, 2018, based on Claimant's alleged voluntary retirement. In a decision and order issued by WCJ Baldys, Employer's suspension petition was granted, and Claimant's wage loss benefits were suspended effective March 6, 2018. Reproduced Record (R.R.) 134a-141a. Claimant appealed to the Board, which affirmed. R.R. 142a-152a. On further appeal, this Court vacated WCJ Baldys's decision and remanded to the WCJ to issue a new decision that considered Claimant's evidence. *See Pisarz v. Workers' Comp. Appeal Bd. (Montour LLC)*, (Pa. Cmwlth., No. 735 C.D. 2020, filed November 19, 2021) (*Pisarz I*).[2]

On July 30, 2021, prior to this Court's decision in *Pisarz I* and while Claimant's wage loss benefits remained suspended, Employer wrote to Claimant advising that since he did not begin receiving his pension as of April 1, 2019, as required by federal law,[3] Employer would commence it for him on September 1, 2021. WCJ's 11/14/2022 Decision, F.F. No. 11. Employer subsequently sent Claimant a pension check dated September 1, 2021, in the gross amount of $150,336.96, representing Claimant's pension benefits going back to April 1, 2019. *Id.* Employer than began sending Claimant monthly pension checks, in the amount

---

[2] On remand, the WCJ concluded Claimant had not voluntarily removed himself from the workforce and Employer's suspension petition was therefore denied. Reproduced Record (R.R.) 179a-186a. No subsequent appeal was taken.

[3] The letter explained that federal tax rules require pension payments to begin no later than April 1st following the year in which an individual turns age 70½, that Claimant reached that age in 2018, and that accordingly Claimant was required to start receiving his pension on April 1, 2019. R.R. 61a. Claimant incurred penalties from the Internal Revenue Service because he refused to take his pension as of April 1, 2019. WCJ's Decision, F.F. No. 12. To this end, the WCJ found: "[Claimant] intended to put in for his pension after January 5, 2022, when his 500-week Impairment Rating Evaluation period of temporary partial disability benefits would have expired." *Id.*

of $4,846.39 each, beginning October 1, 2021. *Id.* Claimant received all the pension checks but did not deposit any of them until February 2022. *Id.*

On November 30, 2021, following the reinstatement of Claimant's wage loss benefits in accordance with *Pisarz I*, Employer's counsel emailed LIBC-760, LIBC-750, and LIBC-756[4] Forms (collectively, "Forms") to Claimant's counsel to determine whether Claimant has any source of income that would offset his wage loss benefits. On December 16, 2021, Employer filed a Notice of Workers' Compensation Benefit Offset indicating that it was taking a weekly offset credit of $1,331 against Claimant's wage loss benefits for weeks beginning April 1, 2019, through September 30, 2021, based on Claimant's receipt of the lump sum check representing his pension payments during that time period. R.R. 90a-92a. The notice also indicated that beginning October 1, 2021, and ongoing, Employer was taking a weekly offset credit of $1,048.15 for the same. Both offsets resulted in Claimant's wage loss benefits being reduced to zero. On January 17, 2022, Claimant filed the Petition to Review Offset.

### *WCJ's Decision*

The sole issue before the WCJ was whether Employer's retroactive offset for pension benefits as of April 1, 2019, was proper when Employer did not deliver pension payments to Claimant until September 1, 2021. By decision and order dated November 14, 2022, the WCJ concluded that Employer was indeed entitled to a retroactive offset and denied Claimant's Petition to Review Offset. The WCJ reasoned that Claimant received a lump sum for retroactive pension benefits beginning April 1, 2019, and, therefore, Employer was also entitled to a retroactive

---

[4] An LIBC-756 Form is titled "Employee's Report of Benefits for Offsets" and requires an employee to disclose whether they are receiving: (1) unemployment compensation; (2) social security (old age) benefits; (3) severance benefits; or (4) pension benefits. R.R. 88a-89a.

3

benefit offset as of that same date. Claimant appealed the WCJ's decision and order to the Board.

## Board's Decision

Before the Board, Claimant argued that the WCJ erred in awarding Employer an offset for pension payments between April 1, 2019, and September 1, 2021, because he did not actually receive pension benefits during that period.

The Board rejected Claimant's argument and affirmed the WCJ's decision and order. It reasoned as follows:

> After careful review of the record, we conclude the WCJ did not err in denying Claimant's Benefit Offset Petition and awarding a retroactive pension offset for the time period of April 1, 2019 through September 1, 2021. Employer bore the burden of proving that it had funded Claimant's pension benefits to be entitled to a credit on workers' compensation benefits paid for the same period. [*Dep't of Pub. Welfare v. Workers' Comp. Appeal Bd. (King)*, 884 A.2d 343 (Pa. Cmwlth. 2005*)*]; [Section 204(a) of the Workers' Compensation Act[5] (Act),] 77 P.S. § 71(a). The WCJ concluded that Defendant had met its burden, because it established Claimant did receive pension benefits for the period of April 1, 2019 through September 1, 2021, and ongoing after that period. While Claimant argues that he did not actually receive pension benefits, at the time, for the period of April 1, 2019 through September 1, 2021, we disagree that prevents [Employer] from receiving a benefit offset during that period. Claimant credibly testified the only reason he did not receive benefits during that time was that he chose to delay payment in an attempt to avoid having an offset taken while he was within the 500-week period of being eligible for workers' compensation benefits. Furthermore, Claimant did ultimately receive the full amount of pension benefits for that time via a lump sum payment of

---

[5] Act of June 2, 1915, P.L. 736, *as amended*.

$145,490.57[6] that [Employer] paid on September 1, 2021. While the regulations state "[t]he offset may not apply to pension benefits to which an employe may be entitled, but is not receiving," here, Claimant ultimately did "receive" the pension benefits for the time period of April 1, 2019, through September 1, 2021, and thus, [Employer] had a right to receive a credit for any workers' compensation benefits it owed during that period. To rule otherwise would allow Claimant to both receive his full workers' compensation benefits and full pension benefits for that period without being subject at all to any offset.

Board's Opinion at 4-5; R.R.  Claimant petitioned this Court for review.

## ISSUE[7]

Claimant raises a single issue for this Court's consideration:  when an employer seeks to offset an employee's workers' compensation benefits based on pension benefits received, is the offset calculated as of the date the employee was entitled to receive the benefits, or as of the date the employee actually received the benefits?

## DISCUSSION

### *Relevant Law*

Section 204(a) of the Act states, in relevant part:

The severance benefits paid by the employer directly liable for the payment of compensation and the benefits from a pension plan to the extent funded by the employer directly liable for the payment of compensation which are received by an employe shall also be credited against the

---

[6] Claimant's lump sum payment from Employer totaled $150,336.96, but was broken down into two payments, one of $4,846.39, and one of $145,490.57. R.R. 66a. For purposes of this opinion, we refer to the gross amount of $150,336.96, which Claimant received via check dated September 1, 2021. *Id.*

[7] "Our standard of review of a Board order limits us to determining whether the necessary findings of fact are supported by substantial evidence, whether an error of law or a violation of Board procedure has occurred, or whether constitutional rights were violated." *Essix Holdings, LLC v. Dengel (Workers' Comp. Appeal Bd.)*, 276 A.3d 830, 833-34 (Pa. Cmwlth. 2022).

5

amount of the award made under sections 108 and 306, except for benefits payable under section 306(c).

77 P.S. § 71(a). The Bureau of Workers' Compensation (Bureau) issued regulations implementing Section 204(a) of the Act. The regulation at 34 Pa. Code § 123.8 (Regulation 123.8), titled "[o]ffset for pension benefits generally," provides:

> (a) Workers' compensation benefits otherwise payable shall be offset by the net amount an employe receives in pension benefits to the extent funded by the employer directly liable for the payment of workers' compensation.
>
> (b) The pension offset shall apply to amounts received from defined-benefit and defined-contribution plans.
>
> (c) The offset may not apply to pension benefits to which an employe may be entitled, but is not receiving.
>
> (d) In calculating the offset amount for pension benefits, investment income attributable to the employer's contribution to the pension plan shall be included on a prorata basis.

34 Pa. Code § 123.8.

### *Claimant's Argument*

Claimant argues that Section 204(a) of the Act permits an offset from pension benefits *received* by an employee. In this case, it is undisputed that Claimant first received a pension check dated September 1, 2021.[8] Although that check represented benefits retroactive to April 1, 2019, Claimant had not yet received those benefits on that date. Claimant asserts that the language in Regulation 123.8(c) supports his position that the offset contemplated by Section 204(a) of the Act may not be claimed retroactively, and by its plain language bars an employer from

---

[8] Claimant agrees that Employer is entitled to an offset of his workers' compensation benefit on and after September 1, 2021, but not before that date. Claimant's Brief at 13.

6

applying an offset to benefits until *actual* receipt. *See* 34 Pa. Code § 123.8(c) ("[t]he offset may not apply to pension benefits to which an employe may be entitled but is not receiving").

Claimant acknowledges that there is a limited universe of cases interpreting Section 204(a)'s pension offset provision. He cites to this Court's decision in *Harrison v. Workers' Compensation Appeal Board (Commonwealth of Pennsylvania)*, 165 A.3d 1019 (Pa. Cmwlth. 2017), where this Court reviewed an employer's calculation of an offset based on the claimant's receipt of a maximum single life annuity (MSLA) payment. This Court concluded that the employer's offset should be calculated on the gross amount of the MSLA payment, rather than the lesser amount the claimant actually received due to his election to receive joint and survivor annuity. Claimant directs the Court to Judge Wojcik's dissent, wherein he urged this Court "not to infer a legislative intent to reduce a [c]laimant's workers' compensation beyond the amount of pension benefits the claimant *presently receives* absent an express authorization." *Id.* at 1032 (Wojcik, J., dissenting) (emphasis added). Claimant also notes that Judge Wojcik's dissent quoted our Supreme Court's decision in *Hannaberry HVAC v. Workers' Compensation Appeal Board (Snyder)*, 834 A.2d 524 (Pa. 2003), which reinforces the remedial nature of the Act and advises that "borderline interpretations" should be construed in the injured party's favor. For these reasons, Claimant submits that Employer is not entitled to a retroactive pension offset from April 1, 2019 through September 1, 2021.

During oral argument, Claimant's counsel directed the Court to its prior opinion in *Philadelphia Gas Works v. Workers' Compensation Appeal Board (Amodei)*, 964 A.2d 963 (Pa. Cmwlth. 2009). In *Amodei*, this Court concluded that an employer's offsets under Section 204(a) of the Act are to be based on the net

amount of benefits received by the claimant, rather than the gross amount, in accordance with the plain language of Regulation 123.8(a). *Id.* at 967. This Court explained that "[a]lthough the legislature did not specify whether an offset should be based on the 'net' or 'gross' amount of these benefits, we observe that allowing a credit for the gross amount of other benefits results in a loss of workers' compensation benefits to which a claimant is statutorily entitled." *Id.* Referencing the legislative intent and remedial nature of the Act, this Court stated it would not "rely on the absence of specific direction" to conclude that the legislature intended an injured employee's benefits to be reduced beyond the post-tax amount of those other benefits actually received. Analogizing *Amodei* to the case *sub judice*, Claimant argued that the language of Regulation 123.8(c), which prohibits an offset for benefits an employee may be entitled to, but is not receiving, indicates that the timing of receipt of pension benefits is the paramount factor in determining whether an offset may be taken. Any other interpretation, Claimant maintains, would require the Court to rewrite Section 204 and the applicable regulation.

### *Employer's Argument*

Employer responds that Claimant's argument focuses solely on the timing of receipt of his pension benefits while ignoring the fact that his pension benefits have now actually been received. Employer argues that the word "received" in Section 204(a) means "to take possession or deliver of" or "to take into possession and control; accept custody of; collect." Employer's Brief at 8 (citing *U.S. v. Olander*, 572 F.3d 764 (9th Cir. 2009), Black's Law Dictionary (6th ed. 1990)). There is no dispute here that Claimant has now received over $100,000 in a lump sum representing his pension benefits dating back to April 1, 2019. Accordingly, the

8

statute permits Employer to take a pension offset for benefits paid out beginning that date.

Turning to the Bureau's regulations, Employer argues that Regulation 123.8, which prohibits an offset for pension benefits "to which an employe may be entitled, but is not receiving" is inapplicable as Claimant has now received a lump sum of benefits representing pension payments from April 1, 2019 through September 1, 2021. Employer argues that although not discussed by the WCJ or the Board, the relevant regulation is 34 Pa. Code § 123.9 (Regulation 123.9), which specifically discusses the offset of pension benefits upon receipt of a lump sum. Subsection (b) provides:

> When an employe receives a pension benefit in the form of a lump-sum payment, the actuarial equivalent of the lump-sum with respect to the annuity options (qualified joint and survivor annuity or life annuity) available at the time of the employe's receipt shall be used as the basis for calculating the offset to the workers' compensation benefit. The monthly annuity equivalent shall be divided by 4.34. The result shall be the offset to the workers' compensation benefit on a weekly basis.

34 Pa. Code § 123.9(b). Employer avers the regulation contemplates the payment of pension benefits by a lump sum and directs how to properly calculate an offset so it may be applied against the workers' compensation benefits on a weekly basis. While Employer remarks this regulation applies to future benefits, it maintains the intention of the provision is equally applicable to this case.

Finally, while Claimant argues for a liberal interpretation of the Act by citing the Supreme Court's decision in *Hannaberry*, Employer argues the WCJ's decision is fair to Claimant, who has received pension payments from Employer for the period of April 1, 2019 through September 1, 2021. The remedial nature of the Act does

9

not function to allow Claimant to double dip by collecting both wage loss benefits and pension benefits for this time period.[9]

## ANALYSIS

We agree with Employer. Section 204(a) of the Act allows an offset from an employer-funded pension for the "payment of compensation which are *received* by an employe." 77 P.S. § 71. There is no dispute that Claimant has received a lump sum representing pension payments from Employer beginning April 1, 2019 through September 1, 2021. While Claimant argues that the timing of his receipt of the lump sum payment prohibits an offset, such argument is not supported by the plain language of Section 204(a) of the Act or its accompanying regulations, both of which contemplate offset *upon receipt*. Claimant relies heavily on Regulation 123.8(c), which provides that "offset may not apply to pension benefits to which an employe may be entitled, but is not receiving." However, this argument again ignores that Claimant has now received pension benefits for the time period at issue. This Court's holding in *Amodei* does nothing to alter this conclusion. Indeed, Judge Leavitt's concurrence in *Amodei* confirms that "[c]laimants are not entitled to double recovery for their loss in wages." *Amodei*, 964 A.2d 963, 969 (Leavitt, J. concurring). To rule that Employer is not entitled to an offset under the instant facts would allow Claimant to receive his full workers' compensation benefits and full pension benefits, a result that is not contemplated by the Act or regulations.

---

[9] Employer's brief also discusses the issue of whether it timely sent Claimant LIBC Forms, which was discussed by the WCJ and the Board below. Because Claimant's Petition for Review and brief fail to raise or develop this issue, it is waived and the Court declines to address it further. *Chesson v. Pa. Bd. of Prob. & Parole*, 47 A.3d 875, 878 (Pa. Cmwlth. 2012) ("The law is ... well settled that issues not raised in a petition for review are waived and will not be addressed by this Court.").

10

As always, the Court is mindful that the Act is remedial in nature and intended to benefit the worker and therefore must be liberally construed to effectuate its humanitarian objectives. *Peterson v. Workmen's Comp. Appeal Bd. (PRN Nursing Agency)*, 597 A.2d 1116, 1120 (Pa. 1991). However, while the Act is remedial, it does not authorize windfalls. *Griffiths v. Workers' Comp. Appeal Bd. (Seven Star Farms, Inc.)*, 943 A.2d 242, 257 (Pa. 2008). Accordingly, we affirm the order of the Board.

_____
MATTHEW S. WOLF, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

George Pisarz,                               :
              Petitioner          :
     v.                                      :   No. 551 C.D. 2023
                                :
Montour LLC (Workers' Compensation :
Appeal Board),                               :
           Respondent

# **O R D E R**

AND NOW, this 16th day of May, 2024, the May 9, 2023 order of the Workers' Compensation Appeal Board is AFFIRMED.

_____

MATTHEW S. WOLF, Judge